## DUNTON v. HARPER.

1. APPEAL—JUDGMENT.—A CIRCUIT JUDGE who vacates an order of another Circuit Judge, under the provisions of sec. 195 of the Code, does not review the vacated order on its merits.

2. IBID.—DISCRETION.—Applications for relief from orders, judgments, &c., under sec. 195 of Code, are addressed to the discretion of the Circuit Judge, and his action is not appealable unless he violates the law.

3. COSTS—SECURITY FOR.—Form of security for costs seems to comply with the provisions of Circuit Court Rule X.

4. FILING.—AN ORDER marked filed, and entered and recorded in journal on day it is made, but immediately taken out of the clerk's possession by an attorney and by him kept in his office, is not on file while so kept.

Before BENET, J., Barnwell, November, 1901.    Affirmed.

Action by F. W. Dunton against Emma H. Harper *et al.* From order permitting plaintiff to file security for costs after expiration of time fixed in order providing same, defendants appeal.   The following is the security permitted filed:

"(*Case stated.*)   We acknowledge ourselves liable for the costs of this case, and consent that if the plaintiff fail to recover, the defendant may have execution for his costs against us.   Given under our hands, this 3d day of October, A. D. 1901.   J. Allen Patterson, H. A. Patterson.   Witness: W. Gilmore Simms, C. C. P. and G. S."

*Messrs. Robert Aldrich* and *R. A. Ellis,* for appellants, cite: *One Circuit Judge cannot reverse or modify an order made by another previously:* 1 McC., 474; 2 McC., 148; 1 Bail., 533; 14 S. C., 226; 16 S. C., 364. *Filing an order is not necessary to its validity:* 14 S. C., 300; 37 S. C., 450. *Provisions of sec. 195 do not apply to an order made after hearing both sides:* 30 S. C., 450; 31 S. C., 427; 7 S. C., 71; 8 S. C., 60; 24 S. C., 138; 59 S. C., 480; 25 S. C., 67; 14 S. C., 331; 51 S. C., 164; 27 S. C., 368; 56 S. C., 28. *Here*

*that sound discretion that is not appealable was not exercised:* 50 S. C., 403.

*Messrs. Sloan & Green* and *J. O. Patterson,* contra.    The latter cites: *This application was addressed to discretion of Circuit Judge, and its exercise will not be reviewed, except in cases of abuse:* 51 S. C., 405; 56 S. C., 12, 28; 52 S. C., 305; 19 S. C., 557; 38 S. C., 556; 14 S. C., 223; 62 S. C., 506.

June 28, 1902.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    Upon notice and after argument on both sides, Judge James Aldrich, on the 16th day of July, 1901, ordered the plaintiff, who was a non-resident of this State, to file security for costs, under the requirements of Rule X. of Circuit Court, within sixty days from the rising of the Court, and that he be nonsuited on failure so to do. The Circuit Court for Barnwell County rose and adjourned *sine die* on July 17th, 1901.    No compliance with Rule X. of the Circuit Court was made by plaintiff within the sixty days after adjournment of Court.    A judgment by nonsuit was duly entered by defendants.    The attorneys for plaintiff gave notice that on the 6th day of November, 1901, at 12 o'clock, or as soon thereafter as counsel could be heard, plaintiff would, upon all of the pleadings and proceedings in the above entitled cause and affidavit thereto attached, move before his Honor, Judge W. C. Benet, at Barnwell Court House, S. C., for an order vacating and setting aside the order of Judge James Aldrich, dated the 16th day of July, 1901, requiring the plaintiff to file security for costs within sixty days from the rising of the Court, and to vacate and set aside any judgment entered upon said order, upon the grounds of the mistake, inadvertence, surprise and excusable neglect on the part of plaintiff; and will move the Court to extend the time for plaintiff to file security for costs, and to allow the security for costs filed herein after the time stated

in Judge Aldrich's order had expired, to stand as and for a full compliance with said order requiring security for costs; and for such other and further relief as plaintiff may be entitled to, or that the Court may think just and proper.    The affidavits tended to show that Mr. J. O. Patterson, as plaintiff's attorney, did attend the hearing of the motion before Judge Aldrich for the order requiring plaintiff to enter security for costs, and while not resisting said motion except as to the limitation of sixty days after adjournment of the July, 1901, term of Court, he left the court room before the Circuit Judge announced his ruling, only going into one of the jury rooms for consultation of a case next in order for trial; that said attorney never saw the order until the 27th September, 1901; that said order was not filed by the clerk of Court, although the same was duly recorded on the day it was made on the Court journal by the said clerk; that said order was never lodged or retained in the office of the clerk of Court until judgment was entered on nonsuit.    Motion came on to be heard by his Honor, Judge Benet, and after full argument he signed the following order :

"This motion came on to be heard before me, upon notice. The plaintiff asks to be relieved of the order granted by Judge James Aldrich, on the 16th day of July, A. D. 1901, requiring the plaintiff to file security for costs within sixty days from the rising of the Court, then being held at Barnwell, S. C., and to vacate and set aside any judgment entered upon said order, upon the grounds of the mistake, inadvertence, surprise and excusable neglect on the part of the plaintiff's attorneys.    It appears that the order of Judge James Aldrich, bearing date the 16th day of July, A. D. 1901, was recorded by the clerk of the Court in the journal of the Court proceedings, immediately after the order was signed, and after it was so recorded, it was turned over to R. A. Ellis. Esq., defendant's attorney, and that said order was never properly filed in the clerk's office until the 24th day of September, 1901, after the time fixed by said order for filing security for costs had expired.

"It further appears from the affidavit of J. O. Patterson, Esq., and I so hold, that the failure of the plaintiff's attorney to comply with the order of Judge Aldrich, requiring the security for costs in the case to be filed within sixty days after the rising of the Court, was, by reason of the plaintiff's attorney's mistake, inadvertence, surprise and excusable neglect, and with no intention to disregard the terms of said order. In addition to this, however, the order from which relief is asked was withdrawn from the records of the Court by the defendants' attorney on the day it was signed, and was never returned to such record until after the time designated in said order for the filing of the security for costs. Now, while the public records of the Court are notice to the world, this order having been withdrawn from the records, could not operate as such notice.

"It is, therefore, ordered, that the order of Judge James Aldrich, bearing date the 16th day of July, A. D. 1901, and any order of nonsuit thereupon, be vacated and set aside, and that the security for costs heretofore filed by the plaintiff's attorneys in this cause, on the 3d day of October, 1901, stand as and for the security for costs on the part of the plaintiff in this cause.

"Let all the papers and affidavits submitted by both sides at the hearing of this motion be filed with the order."

From this order the defendants appealed upon the following grounds:

"I. The presiding Judge erred in vacating and setting aside the order of Judge James Aldrich, in above stated case, dated 16th July, 1901, and ordering that the security for costs, dated 3d October, 1901, and filed by plaintiff on 4th October, 1901, should stand as and for security of costs, but should have refused plaintiff's motion to set aside and vacate Judge James Aldrich's said order, on the ground that one Circuit Judge has no jurisdiction to vacate and set aside the order of another Circuit Judge.

"II. The presiding Judge erred in holding that the case at bar was one of the cases provided for in sec. 195 of the Code

of Civil Procedure, where a party is relievable from an order
taken against him through his mistake, inadvertence, sur-
prise or excusable neglect, but should have refused the mo-
tion to be so relieved, and should have held that the said relief
was applicable only to parties who, through mistake, inad-
vertence or excusable neglect, had lost the opportunity to be
so heard at the trial or on the hearing of the motion for the
order.

"III. The presiding Judge erred in holding that said
order of Judge James Aldrich had never been properly filed
until 24th September, 1901, although recorded by the clerk
of the Court of Common Pleas journal on the 16th day of
July, 1901, because one of the attorneys of defendants had
borrowed said order temporarily from the files after it was
recorded; whereas, he should have held, that even although
said order had never been filed nor recorded, yet it was obli-
gatory and binding on the plaintiff, if the plaintiff was
present at the hearing through his attorney, and participated
in the argument thereon; and much more so in this case,
where the order was not only made after both parties had
been heard, but was filed with the clerk for record in open
court, and was duly recorded and indexed in the journal of
the Court of Common Pleas.

"IV. The presiding Judge erred in holding that the se-
curity for costs filed by plaintiff on the 3d day of October,
1901, should stand as valid security for the costs of this case,
but should have held that said security, dated on the 3d day
of October, 1901 (which is evidently the security intended
by his Honor), and filed on 4th of October, 1901, was not a
valid and proper security for costs, in this, that it does not
conform to the form of security prescribed by Rule X. of the
Circuit Court in regard to security for costs, and because it
was not given and filed in time."

We will now pass upon these exceptions in their order:

*First.* When a different Circuit Judge than that one who
passed an order from which relief is sought under sec. 195
of our Civil Code of Procedure, comes to hear such motion,

he is not called upon to review on its merits the order referred to. Therefore, accurately speaking, it is not a different Circuit Judge than that one who made an order undertaking to vacate and set aside an order made by another Circuit Judge. The theory of the law is, if the order is vacated for any of the grounds set out in sec. 195, that if such grounds had been presented to the Circuit Judge at the time he passed the order, he would have refused to do so. But apart from all this, the legislature has under its power under our Constitution vested Circuit Judges, by sec. 195 of the Code of Civil Procedure, with power at any time within one year, "to relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." This power may be exercised as to any "judgments, order or other proceeding." It very wisely may be exercised by any Judge. This exception is overruled.

*Second.* This Court has repeatedly held that applications under this section (195) of the Code are addressed to the sound discretion of the Circuit Judge before whom, after notice, the motion is made. See cases *Covington* v. *Covington,* 47 S. C., 263, 25 S. E. R., 193; *Michalson* v. *Roundtree,* 51 S. C., 405, 29 S. E. R., 66; *McDaniel* v. *Addison,* 53 S. C., 222, 31 S. E. R., 226; *Ex parte Bank,* 56 S. C., 12, 33 S. E. R., 781; *Washington* v. *Hesse,* 56 S. C., 28, 33 S. E. R., 787. No appeal lies from his exercise of this discretion unless he violates the law. The form of security for costs seems to accord with that prescribed in Rule X. This exception is overruled.

*Third.* We think the Circuit Judge was right in holding that this order of Judge James Aldrich had never been filed in the office of the clerk of the Court of Barnwell County until the 24th September, 1901, after the date to give security for costs had expired. Lawyers must be careful not to take orders from the clerk's office. We know Mr. Ellis made an honest mistake in doing so in

this instance, yet he had no right under the law to do so. This exception is overruled.

*Fourth.* We have virtually passed upon this exception in our concluding sentences in considering defendant's second exception. It is, therefore overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be and is hereby affirmed.