8308

### CABLE PIANO CO. v. DUNCAN.

1. EXCUSABLE NEGLECT.—The affidavits in this case tend strongly to explain failure to reply to a counterclaim, but they do not so conclusively prove due diligence or excusable neglect as to warrant this Court in holding there was an abuse of discretion in refusing the motion to open the default.

2. COUNTERCLAIM.—JUDGMENT should not be granted on an unliquidated counterclaim without requiring evidence and a verdict thereon.

Before WILSON, J., Richland, December term, 1911. Reversed.

Action by Piano Cable Co. against John T. Duncan. Plaintiff appeals.

*Mr. James H. Hammond,* for appellant, cites: *Refusal to open default is an abuse of discretion:* 56 S. C. 468. *Judgment should not have been given on the pleadings for amount claimed in the counterclaim:* 54 S. C. 404; Bryant Code Pl. 257; 35 Wis. 618; Pom. R. & R., sec. 744; 142 App. Div. 431; 90 S. C. 128; 72 S. C. 397; 89 S. C. 483. *The answer here should be treated as stating only matters*

*of defense:* 70 Ky. 4; 17 Minn. 403; 20 Minn. 234; Code
Proc. 174, 175.

*Messrs. McLaughlin & Smith,* contra.

September 4, 1912.   The opinion of the Court was delivered by

Mr. Justice Woods.   This action of claim and delivery
was brought to recover possession of a Kingsbury piano, or
$750 its value, $150 damages and $50 attorney's fees.
The allegation of the complaint is that the defendant
bought the piano for $750, giving the plaintiff as part payment another piano valued at $250, and executing a mortgage for the remainder of the purchase, that the defendant
has paid $20 on the mortgage, but has defaulted in failing
to pay the remainder of the mortgage at maturity.   The
defendant answered the complaint, alleging that the Kingsbury piano was so defective that he demanded a rescission
of the sale and a return of his piano and the $20 paid on
the purchase price, that the plaintiff refused to comply with
the demand, that the plaintiff is indebted to him in the sum
of $270 and interest.   The defendant further set up a
counterclaim for $270 and interest, alleging an express
guarantee by the plaintiff that the Kingsbury piano was a
perfect instrument, and the failure of the guarantee, in that
the instrument was defective and unsatisfactory and was
not worth the amount charged because of its defects and
failure to give satisfaction.   The defendant further alleges
in stating his counterclaim that the plaintiff is in possession
of both pianos.

The plaintiff having failed to reply to the counterclaim
within twenty days, the defendant gave notice that he
would move for judgment thereon.   Plaintiff's counsel then
served a written notice that on the affidavits attached
and the proposed reply he would move to open the
default with leave to reply, on the ground of excusa-

ble neglect in failing to plead to the counterclaim. Upon hearing the motion the Circuit Judge refused to open the default, and ordered that judgment be entered in favor of the defendant on his counterclaim for the amount therein demanded, without submitting the matter to the jury or requiring any proof whatever.

The exception alleging an abuse of discretion in refusal to open the default and allow the plaintiff to reply to the counterclaim cannot be sustained. It is true that the affidavits submitted by plaintiff's counsel tended strongly to explain and excuse his failure to observe that a counterclaim was set up and his consequent failure to serve a reply to it; but the showing did not so conclusively prove due diligence or excusable neglect as to warrant this Court in holding that there was an abuse of discretion on the part of the Circuit Judge in refusing the motion.

As to the second point made by the exceptions, we think the Circuit Judge was clearly in error in granting a judgment on the counterclaim without requiring evidence and the verdict of a jury thereon. The damages set up in the counterclaim were not liquidated, for they depended on proof of a guarantee set up of defects in the piano and the extent of the defects if they existed. It was, therefore, necessary for the defendant to make proof before the jury of the guarantee, of the defects and their extent, and perhaps other facts bearing on the validity and extent of his claim. The precise point has been recently decided in *Gadsden* v. *Home Fertilizer and Chemical Company,* 89 S. C. 483.

The point was made in the argument that the act of 1909 (26 Stat. 161), providing for counterclaims in actions for the recovery of personal property, does not contemplate a separate judgment on the counterclaim, but that the counterclaim should be considered in the trial of the right to the possession of the property and that one verdict should

embrace and decide all issues.   There are strong reasons for this view of the statute, but the exceptions do not cover the point and we express no opinion on it.

Reversed.

MR. CHIEF JUSTICE GARY *disqualified.*