9056

BROWN *ET AL.* v. CALDWELL, AS CLERK OF COURT, *ET AL.*

(84 S. E. 996.)

JUDGMENT. DEFAULT. OPENING.

The refusal of the Circuit Court to set aside a judgment by default, and permit an answer filed, will not be reviewed, unless the appellant satisfies the Court that the presiding Judge erroneously exercised his discretion.

Before DeVore, J., Gaffney, November, 1913. Appeal dismissed.

Motion by E. G. Brown, C. F. W. Brown and D. B. Brown to vacate and set aside a judgment which had been obtained by default and to allow them to file an answer in a case brought against them by Thomas M. Caldwell, as clerk of Court; Anna Brown, Joyce Janette Brown, Winnie May Brown, Lloyd Ralph Brown, by their guardian *ad litem*, G. K. Page.

The motion was based upon the following affidavits:

Personally comes C. P. Sims, who, being first duly sworn, says that he was employed in the early part of the present year to represent the defendants in the above stated action; that the above named defendant, E. G. Brown, stated to deponent that he had employed Thomas Lyles, attorney at law, to represent him in this action and immediately after the summons and complaint were served on said defendant they were turned over to said Attorney Lyles with instructions to put in the answer; that said Lyles employed H. K. Osborne to assist him; that they had decided to not represent the defendants further, and deponent immediately called up both Mr. Lyles and Mr. Osborne and talked over the facts, deponent stating to said Lyles and Osborne that said E. G. Brown said he had paid them for their services and that they agreed for him to employ any other attorney he might wish, and said Lyles and Osborne agreed to the correctness of said statements, and said Lyles stated that while he had allowed the time to expire in which he should have answered it was because he and Mr. Otts were trying to reach a compromise and with the understanding with said Mr. Otts that if they could not agree to a compromise the defendants would be then allowed to answer; deponent then called up Mr. Otts and he admitted that he had agreed with Mr. Lyles to allow him to answer out of

time in the event he could not reach a settlement; that even if he had made such an agreement with Mr. Lyles he would have to think the matter over before he would consent for the answer to be put in by deponent; deponent stated to Mr. Otts what Mr. Lyles and Mr. Osborne had stated to deponent as stated above; Mr. Otts stated that he would think the matter up and let deponent know what he might decide about accepting the answer; and deponent not again hearing satisfactorily from Mr. Otts served him with the answer, which copy of the answer the said Mr. Otts retained and never returned to deponent. That deponent discussed with Mr. Otts the trial of this cause on Tuesday morning at the station in Spartanburg, May 11th, and told Mr. Otts that defendants were ready for the trial of this action and would be at Gaffney the following day for the trial, and Mr. Otts did not even intimate to deponent that he had then gotten judgment in this case on the day previous. C. P. Sims.

Sworn to and subscribed before me this the 24th day of June, 1913. Fred. L. Robinson.

Personally appeared E. G. Brown, who, being duly sworn, says: That all parts of affidavits stating I ever agreed to any offer of compromise is untrue. I employed C. P. Sims, Esq., to file answer and defend this suit, because I knew I had fulfilled every condition and requirement of the bond and would not willingly and knowingly accept any compromise. E. G. Brown.

Sworn to before me this 27th day of October, 1913. W. W. Thomas, Notary Public for South Carolina.

The following affidavits were submitted in opposition to the motion:

Personally comes J. C. Otts, who, being first duly sworn, says that he was attorney for the plaintiffs in the suit of Thomas M. Caldwell, as clerk, and others, plaintiffs, against E. G. Brown and others, defendants; that after service of

the complaint had been made Thomas M. Lyles, Esquire, came to deponent and asked for an extension of time. in which to answer the complaint; deponent consented to such extension and, at the same time, suggested to Mr. Lyles a basis of compromise between the parties; Mr. Lyles promised to confer with his client and advise as to results; later Mr. Lyles asked for further extension of time in which to answer and stated that Mr. Osborne had been employed to assist in the defense; he stated that he desired to confer with Mr. Osborne, but thought they would advise a compromise suggested by deponent at this time; the time for answer had expired; thereafter deponent saw Mr. Osborne and discussed the matter with him and he said he thought it best to make the compromise that deponent had suggested; later Mr. Lyles told deponent that it was agreed to do so and that Mr. Brown, the defendant, had accepted the compromise and would arrange to get the money and settle same; some days after that C. P. Sims, Esquire, called deponent by telephone and told him he had been employed to represent Mr. Brown and desired deponent to allow him to answer; deponent told him that Mr. Lyles and Mr. Osborne had stated to him that they would put in no answer because defendant had stated to them that he agreed to the proposed compromise, and that deponent had extended the time to them because they had requested an extension before the time for answering had expired, and they had assured deponent that the compromise had been agreed to by all parties concerned, but deponent could not allow the said Sims to answer at this time; he further insisted that he do so, inasmuch as the time had been extended as a courtesy to Lyles and Osborne and said he felt sure deponent would do so after he thought about it. Some days later he called deponent up again and asked him for an extension of time, but deponent declined to extend time on the ground that the time had long since expired and that Mr. Brown had agreed to compromise on the

advice of his attorneys, and that deponent considered the matter settled and would not consent to allow the said Sims to answer at that time. Sims then said if deponent felt that way he could do so, and rang off the phone. A day or so later a Mr. Carson, who stays about Sims' office, brought a proposed answer to the office of deponent and laid it on the table; as soon as deponent saw what it was he called him back and gave it to him; a short time after that, the same day, he came back and stated that Mr. Sims said for him to leave it at deponent's office whether he accepted it or not, and walked out.

At this time the time for answering had expired and at no time has deponent ever been served with notice of any motion to extend the time in which to make this answer. Thereafter judgment was taken in this Court by default, and soon after taking judgment C. P. Sims, Esquire, saw deponent at the depot of the Southern Railway at Spartanburg and said he was ready to try the case during the term of Court; this remark was made just as deponent got off the train and deponent did not argue the matter with Sims, and made no reply, because he felt that Sims was not the attorney, but was simply meddling in the case, for deponent had twice declined his request to extend the time for answer and declined to accept service of his answer when he attempted to serve it on him. It is true that deponent promised Mr. Lyles, in case compromise was not reached, that time for answer would be extended to him, but at no time and under no circumstances was any extension of time in which to answer made to C. P. Sims or any one else in this case except to Mr. Lyles, who was attorney, and who stated that his clients would accept the compromise proposed, and further stated that Mr. Brown would get the money and settle in a few days, all of which occurred before the said C. P. Sims called deponent over the telephone the first time in reference to this matter. Some time after judgment was rendered deponent notified judgment debtors

that judgment was rendered and demanded that the same be paid or he would place execution in the hands of the sheriff; deponent further sayeth that he heard nothing more in reference to the judgment from the said C. P. Sims, Esquire, until copy of this notice was left in his office by the same said Carson one day last week.  J. C. Otts.

Subscribed and sworn to before me this 21st day of October, 1913.  J. W. Alexander, Notary Public.

Personally comes T. M. Lyles, who, being first duly sworn, says he is a practicing attorney and was retained by E. G. Brown to put in an answer in behalf of E. G. Brown and others in the case of *Thomas M. Caldwell and others v. E. G. Brown and others,* defendants; that before the time of answering had expired he requested J. C. Otts, attorney for plaintiffs, for an extension of time in which to answer, which was agreed to, at the same time the said J. C. Otts, Esquire, suggested to deponent a basis of settlement of the matter between the parties; that thereafter he took the matter up with Mr. Brown and again asked an extension of time of J. C. Otts, Esquire, in which to answer, as Mr. Brown desired to employ Mr. H. K. Osborne, Esquire, as his counsel also, and he desired to consult with Mr. Osborne and Mr. Brown further in the matter; after consultation it was agreed by all parties, including Mr. E. G. Brown, to accept the compromise proposed by the said J. C. Otts, Esquire, and the said E. G. Brown said he would arrange to get the money and settle in a day or so.  Deponent then then told J. C. Otts, Esquire, that he had accepted the compromise and there would be no further suit.  At this time the time for answering had already expired and been extended twice by J. C. Otts, Esquire.  T. M. Lyles.

Subscribed and sworn to before me this 21st day of October, 1913.  J. W. Alexander, Notary Public.

Personally comes H. K. Osborne, who, being first duly sworn, says that he is a member of the bar and was employed by E. G. Brown to assist in the suit of *Thomas M. Caldwell*

*et al.* v. *E. G. Brown et al.,* Mr. T. M. Lyles having already been retained when deponent was employed. After investigating the matter and believing that defendants had no defense, deponent advised that the compromise offered by J. C. Otts, Esquire, be accepted and it was agreed to, the said E. G. Brown expressing himself as fully satisfied with said compromise and said he would get the money and settle in a day or so. H. K. Osborne.

Subscribed and sworn to before me this 21st day of October, 1913. J. P. Darden, Jr., Notary Public.

The motion being denied, the defendants appeal.

*Mr. J. Frank Clinkscales,* for appellants.

*Mr. J. C. Otts,* for respondents.

April 9, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order refusing a motion to open a judgment by default and allow the defendant to answer.

The appellant has failed to satisfy this Court that his Honor, the presiding Judge, erroneously exercised his discretion.

Appeal dismissed.