## 11224

### HUENFELD CO. v. SIMS

#### (117 S. E., 413)

APPEAL AND ERROR—NO REVIEW OF ORDER SETTING ASIDE DEFAULT JUDGMENT IN ABSENCE OF ABUSE OF DISCRETION.—An order setting aside a default judgment is not appealable, unless there was an erroneous exercise of discretion on the part of the trial Judge.

Appeal from Common Pleas Circuit Court of Spartanburg County; I. W. BOWMAN, Judge.

Action by the Huenfeld Company against Mrs. C. P. (E. L.) Sims. From an order setting aside a default judgment, plaintiff appeals. Appeal dismissed.

See, also, 120 S. C., 193; 112 S. E., 917.

*Mr. Cornelius Otts,* of Spartanburg, for appellant.

*Mr. L. G. Southard,* of Spartanburg, for respondent.

May 8, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from the following order:

"This matter comes before me on motion of the defendant to set aside a judgment (default), and permit her to answer on account of excusable mistake and inadvertence and excusable neglect. The showing made convinces me that the defendant should be permitted to answer. It is therefore ordered that the judgment heretofore entered in this case be and the same is set aside, and the clerk of this Court is directed to so enter. Ordered, further, that the defendant have fifteen days from this date in which to serve her answer on the plaintiff or plaintiff's attorney, Cornelius Otts."

Such an order is not appealable, unless there was an erroneous exercise of discretion on the part of his Honor, the Circuit Judge, which has not been made to appear.

Appeal dismissed.

Messrs. Justices Watts and Fraser concur.

Mr. Justice Marion (concurring). Upon the showing made I do not think the Circuit Judge's discretion was wisely exercised; but I do not think his action may properly be condemned as an abuse of discretion, or held to have been manifestly controlled by an error of law. I therefore concur—although with considerable doubt—in the leading opinion.

Mr. Justice Cothran (dissenting). Appeal from an order vacating a judgment by default. I think that the order was erroneous and should be reversed.

A résumé of the litigation is necessary for a full understanding of the question now involved

On August 10, 1921, the plaintiff instituted an action in the Court of Common Pleas for Spartanburg County against the defendant, upon a note dated April 20, 1921, for $214, with interest from maturity, June 20, 1921, at 8 per cent. and 10 per cent. attorney's fees. The defendant did not answer within the required time, but on October 17, 1921, more than 60 days after the papers had been served, remitted to the plaintiff's attorney a check for $214. On the following day the plaintiff's attorney acknowledged receipt of the check and called the defendant's attention to the fact that the remittance covered only the face of the note and furnished a statement of the indebtedness as of that date as follows:

| | |
|---|---|
| Note | $214.00 |
| Interest, June 20, 1921, to October 17, 1921 | 4.28 |
| Attorney's fee | 1.80 |
| Costs | 4.00 |
| Total | $244.08 |

An error of $2 in the defendant's favor appears to have been made in the statement, which fixed the total amount at $242.08 instead of $244.08, and after applying the credit of $214 declared that the balance remaining due was $28.08, for which a check was requested. No attention was given by the defendant to this request, and on January 25, 1922, the plaintiff's attorney took judgment by default for $42.08 against the defendant. It is admitted by the plaintiff's attorney that in calculating the balance due upon the note, he erroneously entered the credit of October 17, 1921, at $200, instead of $214, and that instead of $42.08 the judgment should have been $28.08; he accordingly, immediately after discovering the error, served notice of offer to reduce the judgment by $14 and correct the error.

On February 15, 1922, the plaintiff's attorney wrote the defendant requesting payment of the judgment and expressing his reluctance to issuing execution: No attention was paid to this letter, but on March 15, 1922, the defendant gave the plaintiff notice of a motion to vacate the judgment upon the ground that the copy of the summons was not signed by the plaintiff's attorney. This motion was heard by Circuit Judge Sease on April 4, 1922. He passed an order vacating the judgment upon the ground stated. The plaintiff appealed to this Court which, in an opinion filed July 5, 1922, reversed the order of Judge Sease. 120 S. C., 193; 112 S. E., 917.

The remittitur in this appeal was filed July 15, 1922, and on July 26, 1922, the defendant gave notice of a motion to vacate the judgment upon the ground of excusable neglect, inadvertence, and mistake, the specifications of which were set forth in an affidavit by C. P. Sims, Esq., husband of the defendant, as follows:

"That some time in 1921 Cornelius Otts (the plaintiff's attorney) notified deponent and Mrs. E. L. Sims that he had a claim against her, that thereafter said Mrs. E. L. Sims paid in full the amount of said claim, said amount being,

and which was paid, $214, and this amount was paid to Cornelius Otts, attorney for the Huenfeldt Company, and that on account of having paid in full in October, 1921, said amount in full was the sole reason why complaint was not answered; defendant having discharged all right of action which said Huenfeldt ever had or claimed to have."

In opposition to the motion, the plaintiff's attorney filed an affidavit in which are set forth the matters hereinbefore substantially set forth. The motion was heard at October term, 1922, Circuit Judge Bowman presiding, and on October 2, 1922, he passed an order in brief form, holding: "The showing made convinces me that the defendant should be permitted to answer," vacating the judgment and allowing defendant to answer. From this order the plaintiff has appealed.

After the remittitur in the former appeal had been sent down, the plaintiff, the prevailing party, taxed up the appeal costs against the defendant, amounting to $67, and entered judgment therefor. It is conceded that the order of Judge Bowman affects only the original judgment and in no wise affects the judgment of $67 for costs of appeal.

The rule of this Court is fully recognized that the order of a Circuit Court, vacating or refusing to vacate a judgment by default, upon a motion under Section 225 of the Code, will not be reviewed unless the appellant satisfies the Court that the presiding Judge erroneously exercised his discretion, or unless the exercise of discretion was controlled by some error of law. *Brown v. Caldwell,* 100 S. C., 421; 84 S. E., 996. *Cable Piano Co. v. Duncan,* 92 S. C., 371; 75 S. E., 552. *McSween v. Windham,* 77 S. C., 223; 57 S. E., 847. *Dunton v. Harper,* 64 S. C., 338; 42 S. E., 153.

I shall endeavor to show that the case comes under the exception referred to.

In the first place rule 19 of the Circuit Court rules contains an exceedingly salutary provision which is intended to provoke the utmost good faith in such matters and to re-

lieve the Courts from useless and hopeless contests. It provides:

"No order extending the time to answer * * * a complaint shall be granted unless the party applying for such order shall present to the judge to whom the application shall be made a certificate of the attorney * * * retained to defend the action, that from the statement made to him by the defendant, he verily believes that the defendant has a good and substantial defense upon the merits to the cause of action set forth in the complaint or to some part thereof."

Assuming that the affidavit of Mr. Sims is a proper substitute for the certificate required by this rule, I think that the evidence is conclusive that the statement therein, to the effect that in October, 1921, Mrs. Sims paid the note in full by the remittance of $214, is plainly shown to be incorrect. There is no question raised as to the execution of the note, its date, April 20, 1921; its maturity, June 20, 1921; its amount, $214; the interest, 8 per cent. from maturity; the attorney's fee, 10 per cent.; or the amount of the credit of October 17, 1921, $214. Hence it is a simple matter of calculation to show that there was due upon the note of October 17, 1921, $240.08 besides the accrued costs $4, total $244.08, and therefore that the payment of $214 could not possibly have paid the note in full as is claimed. No other defense is suggested, and it seems to me vain to affirm the order and remand the case for further protracted litigation upon absolutely no showing that the defendant has even a chance to benefit thereby.

In the second place, the showing made by the defendant to sustain the claim of inadvertence, excusable neglect, and mistake in not serving her answer, is plainly insufficient and demonstrably incorrect.

The reason why she did not serve her answer to the complaint in time, she alleges, was that, in October, 1921, she paid the claim in full, and had thereby discharged all right

of action which the plaintiff ever had or claimed to have. As a matter of fact, the summons and complaint were served upon her on August 10, 1921. The summons required her to answer within 20 days. The time for answering expired on August 30, 1921; so that the attempt to excuse her failure to answer on or before August 30, 1921, by what occurred on October 17, 1921, clearly cannot be sustained.

If, as a matter of fact, it should be made to appear that a defendant, in default of answer had paid the claim in full, and that, notwithstanding the plaintiff had taken judgment by default, the Court would have the inherent right and power, independently of any statute, to vacate the judgment upon the ground of fraud (23 Cyc., 918), or to correct it in case of partial payment of the claim. This was the remedy open to the defendant, if the facts justified its application.

But, treating this motion as one to vacate the judgment upon such ground of fraud, the evidence I think is overwhelming that she is not entitled to such relief.

As I have endeavored to show above, there is no basis whatever for the defendant's claim that the note has been paid in full. In October, 1921, she paid only $214, when it is undisputed that there was due interest from June 20, 1921, attorney's fees of $21.80 and the costs. It is true that there is an error in the $42.08 judgment of $14, admitted by the plaintiff, which must and doubtless will be corrected.

It is due to the attorney for the plaintiff to say that, throughout this unfortunate controversy, which is too insignificant to provoke so great contention, he has conducted himself with great consideration for the opposing parties. The note matured on June 20, 1921; on July 7th he notified the defendant and expressed his reluctance to bringing suit. No attention was paid to the notice. On July 20th he repeated the notice, again trying to avoid a suit; it received the same treatment; on August 2d the same, with the same

result; on August 8th, the same. There was nothing else for him to do but to bring suit, which was done on August 10th. After taking judgment on January, 1922, he again called for the balance and refrained from issuing execution. This was met with the motion to set aside the judgment as before stated.

For these reasons I think that the order appealed from should be reversed.