12561

AMERICAN TRUST CO. v. BLOOM *ET AL.*

(146 S. E., 249)

*Mr. J. N. Nathans,* for appellants,

*Messrs. Paul M. MacMillan,* and *George E. Grimball,* for respondent,

January 15, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The plaintiff, as receiver of the Security Savings Bank of Charlotte, N. C., sued upon six notes, aggregating $24,-000, upon which the defendant Marcus Bloom was either maker or indorser. The notes were of various amounts, and different dates and maturities; all, however, prior to July 10, 1924. The defendant Marcus Bloom admitted the execution and delivery of the notes and his indorsements, and pleaded in general terms payment of the same.

Upon the trial of the case before his Honor, Judge DeVore, and a jury, the plaintiff introduced the notes in evidence and testimony that they had not been paid.

The defendants then introduced in evidence a certificate signed by the cashier of the bank to the effect that on July 10, 1924, the defendant Marcus Bloom had placed his signature upon notes due August 31, 1924, of precisely the same tenor and effect as the notes sued upon, except as to dates and maturity. The certificate contained this statement:

"It is further certified that these notes are renewals of past-due notes in which he is interested, as above shown, and that notes previously signed and endorsed by him are voided by the above mentioned renewals, said renewals being those only for which he is bound to us.

The defendant testified that he gave the new notes upon condition that the old notes should become null and void; that the cashier promised to turn them over to him, but had never done so.

The transcript of record shows the following:

"After this testimony, the following took place between the Court and the attorneys:

"Mr. Macmillan: Your Honor, under that testimony, there is nothing else to do but take a nonsuit.

"Mr. Nathans: If your Honor please, it is too late for a nonsuit now. I ask for a directed verdict, and he can bring suit on the other notes. I feel that I am entitled to a directed verdict.

"Court: I think he is entitled to it.

"Mr. Nathans: I submit I am entitled to a directed verdict.

"Mr. Macmillan: I believe he is right. We have no testimony to rebut that.

"Court: This does not hinder you from suing on the other notes, when suing on the wrong set of notes."

The Court then directed a verdict for the defendants.

"A few days thereafter" (as stated in appellant's brief, and therefore it is assumed during the then pending term of Court), the plaintiff gave notice of a motion for a new trial upon the minutes of the Court and affidavits attached. The purport of the affidavits was that the old notes were not surrendered, for the reason that it was agreed that they should not be surrendered until the defendant Marcus Bloom had procured the indorsement of the new notes by the same parties who had indorsed the old ones, and had paid the ac-

cumulated interest; that this had not been done; and that the new notes had never been delivered.

Upon this showing his Honor granted the motion in the following order:

"This was an action brought by the plaintiff as receiver for an insolvent bank, against the defendant and others on certain notes, on one of which he was the maker and on five he was endorser.

"At the close of the plaintiff's testimony the defendant produced a receipt from the cashier of the defunct bank, which purported to show that the notes in suit had been satisfied by the substitution of new notes.

"The plaintiff stated that the receipt was a surprise and asked for a voluntary nonsuit, which was resisted by the defendant, and on motion of defendant a verdict was directed in favor of defendants.

"This matter now comes before me on a motion for a new trial supported by affidavits stating that the receipt given was conditioned on the complete execution and delivery of the new notes which had never been done, and that the defunct bank has not received the new notes.

"I find that the plaintiff was taken by surprise at the trial on the production of the receipt, and also that the plaintiff should be entitled to put in the evidence which was set out in the affidavits, and which it discovered after the trial; and it is ordered that a new trial be granted."

From this order the defendants have appealed.

During the term of Court at which a verdict or judgment has been rendered, they, as well as all other orders passed, lie within the breast of the Court, with practically absolute power over them, unless influenced by a mistake of law.

In this case the defendant simply pleaded payment, without the slightest intimation that he intended to rely upon a renewal of the old notes as payment. His real defense was a *novation,* rather than a *payment.* There was nothing to

advise plaintiff's counsel of such an unexpected turn of the trial, and naturally he was greatly surprised at the presentation of the certificate of which he manifestly was not advised, and which probably the cashier had forgotten all about. The explanation he gives is not an improbable one at all. It is in a measure supported by the fact that the old notes had not been surrendered. We think that the Circuit Judge wisely exercised his discretion in granting a new trial under the circumstances. The defendant admits his liability for $24,000, with interest. The plaintiff states that the new notes have never been delivered. Upon a trial of a new action upon them, the defendant might defeat them upon that ground, and, having secured a verdict as to the old notes, would be entirely absolved.

We think that his Honor should have granted the motion for a voluntary nonsuit, which the plaintiff's counsel had a right to move for at any time before the rendition of the verdict, unless the defendant would have been deprived of some right thereby, which does not appear. Having failed to do so, he was entirely right in granting the new trial.

Section 437, Code of Civil Procedure, provides as follows:

"The Court * * * may also, in its discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, suprise, or excusable neglect."

The general law in the matter is set out in 29 Cyc., p. 879, as follows:

"A new trial may be allowed for surprise at evidence, although no delay was asked for, if the movant, although ordinarily diligent in preparing his case, then knew of no other evidence to refute evidence by which he was surprised."

In his order the Circuit Judge declared:

"I find that the plaintiff was taken by surprise at the trial on the production of the receipt, and also that the plaintiff should be entitled to put in the evidence which was set out in the affidavits, and which it discovered after the trial; and *it is ordered* that a new trial be granted."

In *Michalson v. Roundtree,* 51 S. C., 405, 29 S. E., 66, the Court said:

"Under Sec. 195 of the Code of Civil Procedure, the Court is invested with discretion, 'at any time within one year after notice thereof to relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.' From what is said by the late Chief Justice Simpson in the case of *Truett v. Rains,* 17 S. C., 451, in speaking of this section, then numbered 197, it is, at least, doubtful whether this Court can consider this question, which is a question of fact, involving the exercise of discretion. He uses this language: 'As a general rule, where a Court or Judge is invested with power to be exercised at discretion, such power is absolute, and when exercised, it is final. From the very meaning of the term and the nature of the power, discretion is unlimited. It is bounded by no rule except the good sense and integrity of the party empowered to exercise it, and, in the absence of an express right to appeal, it necessarily follows that its exercise is unappealable. *Gibbes v. Elliott,* 8 S. C., 50.' Besides, it seems to us that there was, at least, some evidence of surprise, and if so, its weight and sufficiency was exclusively for the Circuit Judge."

The judgment of this Court is that the order appealed from be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE RAMAGE concur.