20804

Horace GRAHAM, Sylvester Stevens, Harney Graham, Gene Stevens and Clifton Todd, Appellants, v. TOWN OF LORIS, Respondent.

(248 S. E. (2d) 594)

November 2, 1978.

*Per Curiam:*

This appeal is from an order of one circuit judge setting aside a summary judgment previously granted to the appellants by another circuit judge. This judgment was vacated pursuant to S. C. Code § 15-27-130 which provides, in part, that: "The Court may, in its discretion and upon such terms as may be just, at any time within one year after notice thereof relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect . . . ." The appellants contend that this Code Section does not permit the vacation of summary judgments and, further, that the vacation proceeding constituted a readjudication by one circuit judge of matters previously decided adversely to the respondent by another circuit judge. We disagree and affirm the vacation of the summary judgment.

The appellants, residents of the Town of Loris, brought suit to have the zoning ordinances of that town, which were adopted in 1960, declared null and void as those ordinances apply to their respective properties. The appellants contended that the Town, prior to adopting the zoning ordinances, did not hold public hearings after notice as required by statute [1] and, thus, their respective properties were encumbered without notice and an opportunity to be heard. The Town, the respondent herein, answered through its City Attorney, John L. Reaves, who interposed three defenses—a general denial, laches and estoppel.

---

[1] See S. C. Code § 5-23-40 (1976).

On April 25, 1977, the appellants moved for summary judgment before Honorable Klyde Robinson with Judge Robinson ordering that a hearing on the matter be set for April 28th. Reaves did not appear at the scheduled hearing on the 28th and the hearing was continued to the following day while the sheriff attempted to locate Reaves. The sheriff's attempts were futile and, on April 29th, a hearing was held with only counsel for the appellants appearing. Based on the pleadings, Request for Admissions which had been served on Reaves, and depositions taken from the appellants and the Town Clerk, Judge Robinson granted the appellant's motion, declaring the zoning ordinances null and void as applied to the property of appellants by order dated April 29, 1977. The Requests for Admissions, which went unanswered and were deemed admitted, and the deposition taken from the Town Clerk disclosed that the respondent had not complied with the statutory requirements for enacting zoning regulations. The depositions taken from the appellants indicated that, although some of them had applied for and received building permits from the Town, none of the appellants had received notice of the enactment of the regulations as required by statute. The action of Judge Robinson in granting summary judgment is justified by the record which he had before him.

Subsequent to the granting of the summary judgment, William V. Josephs, Jr. entered the case as attorney for the Town of Loris on May 12th. Judge Robinson having left the circuit, Josephs moved before Honorable James B. Morrison to have the summary judgment set aside under Code § 15-27-130 contending that the judgment had been taken against the Town of Loris through its excusable neglect and that the Town had a meritorious defense. A hearing was held and, in support of its motion, the respondent presented a letter from Reaves dated April 26th and received by town officials on April 27th, in which Reaves resigned as city attorney. An affidavit from the Mayor of Loris was presented to the effect that city officials were unaware that

a hearing had been scheduled in the case and that city offi-
cials had never been contacted by the sheriff when he was
attempting to locate Reaves. The Mayor in his affidavit
further stated that he had been attempting to get the Town's
file in the case from Reaves since he had resigned but was
unable to obtain it until May 16th.

On the issue of whether it had a meritorious defense, the
respondent submitted an affidavit from the Town Clerk
which stated that two of the appellants had previously ap-
plied for and were issued building permits pursuant to the
zoning ordinances. The affidavit also stated that, since 1972,
numerous building permits had been issued pursuant to the
zoning ordinances and ten public zoning hearings had been
held after public notice thereof. Further, the Town Clerk
averred that one of the hearings, which was held in No-
vember 1976, had been on the application for a zoning
change by one of the appellants in the present action. The
application for a zoning change having been denied, this
suit was instituted by him and the other appellants in Jan-
uary 1977 attacking the validity of the zoning ordinances.

Based on the above uncontroverted facts, Judge Morrison
found that the respondent had established excusable neglect
in that it had no actual notice or knowledge of the summary
judgment hearing and was not represented by counsel at the
hearing, its attorney having resigned. Relying primarily on
the evidence that the only appellant with an immediate in-
terest in striking down the zoning ordinances had already
recognized them as valid by his actions in obtaining permits
and seeking a reclassification of his property and that the
Town was actively enforcing the ordinances, Judge Morri-
son found the respondent had made a prima facie showing
of meritorious equitable defenses. He, accordingly, granted
the respondent's motion and set aside the summary judg-
ment.

On this appeal from Judge Morrison's order, the appellants have listed three questions for our consideration which, as stated in their brief, are as follows:

(1) Did Judge Morrison have any discretion or authority to set aside an Order of Summary Judgment upon matters previously decided by Judge Robinson?

(2) Was it proper for Judge Morrison to set aside summary judgment issued by Judge Robinson based upon excusable neglect by holding that the defendant was not represented by counsel when Judge Robinson had previously held that ample notice had been given to the attorney for the defendant?

(3) Was it proper for Judge Morrison to set aside summary judgment issued by Judge Robinson upon the premise that the defenses of laches and estoppel are questions for a jury when these questions had been previously decided adversely by Judge Robinson sitting as a law judge?

Turning to the first question set out in the appellant's brief, the appellants contend that Judge Morrison has erroneously reviewed and overruled the order of another circuit judge. While conceding that § 15-27-130 permits default judgments to be set aside, they claim that the section has no application to a summary judgment, which is an adjudication on the merits, and that the summary judgment involved here is *res judicata*.

These contentions are without merit. Code § 15-27-130 is not limited to the vacation of default judgments. If such had been the intention of the legislature it could have easily inserted the word "default" before the word "judgment". This it did not do and, indeed, this Court has applied this section in non-default situations, *see, American Trust Co. v. Bloom*, 148 S. C. 386, 146 S. E. 249 (1929) and *Dunton v. Harper*, 64 S. C. 338, 42 S. E. 153 (1902).

Excerpts from the following cases are helpful on the issue of the authority granted a circuit judge over the acts of a colleague.

In *Steele v. C., C. and A. Railroad Co.,* 14 S. C. 324 (1880), the Court stated:

The Court of Common Pleas is a unity, although its jurisdiction is administered by a number of judges who are, in some sense, the exponents of the court. When one of these judges makes a decision upon the merits of a matter within his jurisdiction, that is not merely the personal opinion of the judge, but a judgment of the Court of Common Pleas, which exhausts the power of the court upon that subject and must stand until reversed or *set aside in the manner prescribed by law.* There is no appeal from one Circuit Judge to another. All are of equal dginity and have the same right to pronounce the judgments of the court. One Circuit Judge *upon the same state of facts,* has no power to change, alter or reverse a decision of a brother judge of the same Circuit.

At 329 (emphasis ours).

And, in *Anderson v. Toledo Scale Co.,* 192 S. C. 300, 6 S. E. (2d) 465 (1938), the Court stated:

The judgment of a Court of competent jurisdiction, in which the proceedings are regular and in accord with law and the rules of procedure, is the solemn adjudication of the law of that case, and ought not to be lightly set aside. *The Code provides the method by which it may be set aside;* but that method must be strictly followed.

6 S. E. (2d) at 466 (emphasis ours).

The manner prescribed by law and provided in the Code for setting aside a judgment with which we are here concerned is embodied in § 15-27-130. The summary judgment in the present case was vacated pursuant to that section and does not constitute a review by one circuit judge of the decision of another because, as will be discussed below, the two orders involved were not made "upon the same state of facts" and were directed to different determinations. As this Court stated in *Dunton v. Harper, supra:*

When a different circuit judge than that one who passed an order from which relief is sought under section 195 of

our Civil Code of Procedure comes to hear such motion, he is not called upon to review on its merits the order referred to. Therefore, accurately speaking, it is not a different circuit judge than that one who made an order undertaking to vacate and set aside an order made by another circuit judge. The theory of the law is, if the order is vacated for any of the grounds set out in section 195, that, if such grounds had been presented to the circuit judge at the time he passed the order, he would have refused to do so. 42 S. E. at 154.

We now consider the second question as presented by the appellants. As we understand this question, the appellants challenge Judge Morrison's conclusion that the respondent was not represented by counsel at the time of the hearing on the summary judgment. Two reasons are advanced in support of this challenge.

The first argument presented is based on the finding by Judge Robinson that respondent's attorney had ample notice of the hearing. The thrust of this contention is that this finding by Judge Robinson precluded Judge Morrison from basing a finding of excusable neglect on the absence of Reaves at the hearing. This is related to the appellant's first question for the appellants interpret Judge Morrison's finding that respondent was without legal counsel at the time of the summary judgment hearing as a readjudication of a matter previously ruled upon by Judge Robinson.

This contention is without merit for two reasons: (1) Judges Robinson and Morrison had different facts before them and (2) they were each making separate and distinct determinations. Judge Robinson was unaware that Reaves had resigned as counsel and, obviously, could not have taken this fact into consideration. Further, as his order indicates, Judge Robinson was concerned only with the question of whether the court had jurisdiction over the respondent which he found as a matter of fact by reason of proper service upon and notice to the respondent's attorney of record. The inquiry by Judge Morrison, on the other hand, was whether

the respondent had established excusable neglect and is patently not a readjudication of any issue determined by Judge Robinson.

The second reason advanced by the appellants for their contention that Judge Morrison erred in finding the respondent was without representation is that there was no order issued pursuant to Circuit Court Rule No. 7 relieving Reaves as counsel. We fail to see that this omission is any comfort to the appellant. Had this rule been complied with by respondent's attorney, there would likely have been no need for this matter to be brought before the Court. It is the very failure of Reaves to comply with this rule and protect the right of the respondent that required the Town to institute the present action to vacate the judgment.

While the appellant has not specifically excepted to the finding of excusable neglect based on absence of counsel as an abuse of discretion on the part of the trial judge, we consider it in view of its close relationship to the other issues in the case.

The general rule in this jurisdiction is that the neglect of the attorney is attributable to the client. In *Lee v. Peek,* 240 S. C. 203, 213, 125 S. E. (2d) 353, 358 (1962), the following statement from *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391, 394 (1957), is quoted with approval:

Although a wide discretion is vested in courts to set aside or vacate judgments because of the neglect, misconduct or inadvertence of counsel employed in the case, the general rule undoubtedly is that the neglect of the attorney is the neglect of the client, and that no mistake, inadvertence or neglect attributable to an attorney can be successfully used as a ground for relief, unless it would have been excusable if attributable to the client. The acts and omissions of the attorney in such case are those of the client.

However, under the facts of the present case, we are not merely considering neglect, inadvertence, or mistake of counsel. We are concerned with a wilful and unilateral abandonment of the client by counsel. There is authority for the proposition that the general rule is not applied to such a factual situation. This exception to the general rule is expressed at 46 Am. Jur. (2d), Judgments, § 737 (1969) in the following language:

The rule that an attorney's negligence may be imputed to his client and prevent the latter from relying on that ground for opening or vacating a judgment does not necessarily prevail in the event of the attorney's abandonment or withdrawal from the case.

Also *see* Annot., 114 A.L.R. 279 (1938).

The unusual facts of this case have been set forth above. From the record before us, it is clear that the attorney's action in withdrawing from this case at a crucial stage without reasonable notice to his client is one of wilful abandonment. An attorney who undertakes the conduct of an action impliedly stipulates to carry it to its termination and is not at liberty to abandon it without reasonable cause and reasonable notice. *Perkins v. Sykes,* 233 N. C. 147, 63 S. E. (2d) 133 (1951). Reaves' resignation without prior notice and thereafter secreting himself beyond the ability of the sheriff to find him, was a circumstance beyond the control of the respondent, and the record reflects that the Town officials acted diligently after being apprised of the fact The hearing in question was to be held on April 28th, the day following receipt by respondent of the resignation of its counsel. While the hearing was postponed until April 29th, the record affirmatively shows that the respondent was not aware that a hearing would be held on either date. We feel that, under the rare circumstances of this case, the respondent should no tbe charged with the abandonment of the case by its counsel. Conscience requires this Court to charge the attorney alone with his gross dere-

liction of duty and not to visit its consequences upon an innocent client. The finding of excusable neglect by the trial court was not an abuse of discretion.

Under the last question in their brief, the appellants argue that the issue of estoppel and laches were before Judge Robinson and were decided adversely to the respondent by him. Thus, it is claimed that Judge Morrison, in holding that respondent had made a prima facie showing of the defenses of laches and estoppel, readjudicated issues decided by Judge Robinson. This contention is without merit for the reasons already discussed. Judge Morrison did not readjudicate issues previously decided but made a determination pursuant to § 15-27-130 based upon a different state of facts.

The finding of Judge Morrison that a meritorious defense existed does not constitute an abuse of discretion. A meritorious defense need not be perfect nor one which can be guaranteed to prevail at a trial. It need be only one which is worthy of a hearing or judicial inquiry because it raises a question of law deserving of some investigation and discussion or a real controversy as to essential facts arising from conflicting or doubtful evidence. 46 Am. Jur. (2d) Judgments, § 741 (1969).

The appellants, in their argument under this question, also contend that it was improper for Judge Morrison to consider the additional facts presented by the respondent to show a meritorious defense since the additional evidence presented does not meet the test required for consideration of after-discovered evidence. The answer to this contention is that the respondent has not sought to open up the judgment on the basis of after-discovered evidence but has, instead, proceeded on the theory that the judgment should be vacated because of its excusable neglect, which

neglect resulted in it not being able to fully contest the action before Judge Robinson.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting):

I dissent. The proper course for relief from a summary judgment is by appeal to this Court. Further, even if Code Section 15-27-130 (1976) may be invoked to supplant the appellate process, I do not believe the facts of this case warranted the vacation of the prior judgment.

The order for summary judgment was rendered by Judge Robinson after he reviewed the pleadings, depositions, unanswered requests for admissions, and affidavits. Virtually no rebutting evidence was presented to sustain any of the allegations in respondent's answer. The following language from *Conran v. Yager*, 263 S. C. 417, 420, 211 S. E. (2d) 228, 229 (1975), indicates that Judge Robinson's order of summary judgment was clearly proper:

"Where the appellant relies solely upon the pleadings, files no counter-affidavits, and makes no factual showing in opposition to a motion for summary judgment, the lower court is required under this rule, to grant summary judgment, if, under the facts presented by the respondent, he was entitled to judgment as a matter of law."

As a decision on the merits of the case, Judge Robinson's order should have prevailed unless and until reversed by this Court. I cannot sanction the method employed by respondent to circumvent the orderly process of appeal. The individual yet equal authority of the circuit judges is vital to our state court system. To permit litigants to "appeal" an adverse decision from one circuit judge to another would promote unending litigation and judge shopping. Our prior decisions have established that no such chaotic system of

justice was envisioned by our trial judge structure. In *Steele v. Railroad Co.,* 14 S. C. 324, 329 (1880), the Court stated:

"There is no appeal from one Circuit judge to another. All are of equal dignity and have the same right to pronounce the judgments of the court. One Circuit judge upon the same state of facts, has no power to change, alter or reverse a decision of a brother judge of the same Circuit. Otherwise, there would be no end to litigation."

I am unpersuaded by the majority's view that Judge Morrison received the matter on a different set of facts, and therefore, Judge Robinson's prior order was not res judicata. It is evident from Judge Robinson's order that he considered but abandoned the issue of excusable neglect by respondent's attorney as he cited his efforts to locate him.

Accordingly, I would hold that the relief sought by respondent pursuant to Code Section 15-27-130 was inappropriate, and that appeal to this Court was respondent's only recourse. The respondent filed notice of intention to appeal but failed to perfect its appeal. Therefore, I would hold respondent bound by the order of summary judgment.

Assuming, without deciding, that one circuit judge may utilize Code Section 15-27-130 to vacate an order of summary judgment rendered by another circuit judge, I do not believe such relief was justified in this case.

The record reveals extreme negligence by the prior attorney for the Town of Loris. The attorney notified respondent on April 27, 1977 that he was resigning as City Attorney without informing the Town of the hearing to be held on April 29, 1977. Admittedly, the Town of Loris was left in a difficult situation by the resignation of its attorney; yet it could have taken steps to protect itself in the pending lawsuit.

Despite the neglect of its attorney in failing to inform the Town of the upcoming hearing, this Court has consistently held that the neglect of an attorney is synonymous with the neglect of the client. As stated by Mr. Justice Lewis (now

Chief Justice) in the prevailing opinion in *Lee v. Peek,* 240 S. C. 203, 213, 125 S. E. (2d) 353, 358 (1962) :

"[T]he general rule undoubtedly is that the neglect of the attorney is the neglect of the client. . . . The acts and omissions of the attorney in such case are those of the client."

See also *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391 (1957) ; *Clark v. Clark,* 244 S. E. (2d) 743 (S. C. 1978).

The majority justifies its departure from the above general rule by characterizing the conduct of respondent's prior attorney as "willful abandonment." In my view, the line between negligence and willful abandonment is not to clearly drawn as to justify a contrary result in the two instances.

I would impute the neglect of respondent's attorney to respondent and conclude that Code Section 15-27-130 affords no remedy for culpable neglect. See *Woodward v. Elliott,* 27 S. C. 368, 3 S. E. 477 (1887) ; *Savage v. Cannon,* 204 S. C. 473, 30 S. E. (2d) 70 (1944).

I would reverse.