### *EX PARTE* GRAY, *IN RE* ALLEN v. ALLEN.

1. JURISDICTION—IRREGULARITY—AMENDMENT—GUARDIAN AD
   LITEM—MINOR.—Mere irregularities in the service of notice of mo-
   tion for appointment of guardian *ad litem* on minors, and in the
   appointment of and answer by the guardian, within the power of the
   Court to correct by amendment are not fatal to the jurisdiction of the
   Court over the persons of the minors.
2. LIMITATION OF ACTIONS—SETTING ASIDE JUDGMENT.—There is no
   statute in this State limiting the time within which a motion to vacate
   or set aside a judgment must be made, except in those cases provided
   in sec. 197 of Code. Following *Ex parte Carroll*, 17 S. C., 449.

Before EARLE, J., Hampton, October, 1896. Reversed.

Motion by Sallie T. Gray *et al.* to set aside order of sale
and partition in Sarah J. Allen against Leroy Allen *et al.*,
made in 1884. Motion refused. Petitioner appeals.

*Mr. I. L. Tobin*, for appellant, cites: Code, 137; 17 S. C.,
435; 10 S. E. R., 262; sub. 2, sec. 155, Code; 17 S. C., 449.

*Messrs. W. S. Tillinghast* and *James W. Moore*, contra,
cite: 23 S. C., 167; 42 S. C., 517.

March 22, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from an order
of Judge Earle refusing to set aside a decree of Judge Hud-
son made in the principal case October 18, 1884. On May
24, 1884, Sarah J. Allen, the life tenant of a tract of 3,500
acres of land in Hampton County, joining with her hus-
band, John C. Allen, and one or more adult children,

brought an action against all her other children entitled to
the remainder in said lands, asking the Court of Equity to
authorize the sale or exchange and reinvestment of said
land, in the interest of all parties concerned. On October
18, 1884, Judge Hudson made a decree in accordance with
the prayer of the complaint, authorizing the sale or ex-
change and reinvestment of said property. This decree
provided for the payment, out of the proceeds of the
property, of a fee of $200 to W. S. Tillinghast and a
fee of $150 to James W. Moore, for services rendered as
attorneys in said cause. Nothing was done under this
decree up to June 15th, 1889, when A. J. Salinas & Son
brought suit to foreclose a mortgage executed after said
decree by the life tenant, Sarah J. Allen, and Paul H. Allen,
one of the adult remaindermen, on their interest in said
land. This suit terminated in a consent order for the sale
of the interest of Sarah J. Allen and Paul H. Allen in said
premises, in which order it was provided that one-half of
said attorneys' fees, viz: $100 to W. S. Tillinghast, Esq.,
and $75 to James W. Moore, Esq., should be first paid out
of the proceeds of said sale. The life tenant's interest, as
well as that of Paul H. Allen, was sold under this order in
July, 1888, and bid off by A. J. Salinas & Son, who, al-
though they have never received title from the clerk, went
into possession of said land, and are now in possession.
Some time after this the life tenant died, and the interests
of the remaindermen fell in, and an action was commenced
for the partition of said premises among the remaindermen
and their cotenant, A. J. Salinas & Son. Thereafter, on
the 31st January, 1895, the petition herein was filed, and
motion thereon made to vacate the said decree of October
18, 1884. The petition alleges that the decree is void, on
the ground that the Court had no jurisdiction over the per-
son of the minor defendants, they not having been served
with a process as required by law; because there was no
such person as John M. Gray, who answered as guardian
*ad litem* for the minors, and no such person was ever ap-

pointed; because the scheme of the decree is inexpedient, and cannot now be carried out; that the decree is a cloud on the petitioners' title, and prudent investors will not buy the land in view of the alleged jurisdictional defects. The petition further alleges that W. S. Tillinghast and James W. Moore have in equity and conscience no further claim in the land. Messrs. Tillinghast and Moore answered, claiming their fees aforesaid to be valid and just and so adjudged by a decree of the Court.

Judge Earle, after hearing the motion, refused to grant the same, on the grounds (1) that the Court did have jurisdiction at least of the persons *sui juris* at the time of rendering the judgment; (2) that the motion to vacate the judgment was too long delayed, it should have been made within five years after rendition. The petitioners appeal, alleging error on the several grounds set out in the "Case."

We do not think the Circuit Judge erred in refusing the motion on the ground first named. The record shows proof by affidavit of the party serving, that a copy of the summons and complaint was served personally upon each of the minor defendants, it shows the written acknowledgment by John C. Allen of service of "copies of the summons and complaint for each named" minor on John C. Allen, their father, with whom they resided; the petition of John C. Allen for the appointment of a guardian *ad litem* for the minor defendants, in which it is alleged that the summons and complaint had been served on each of the defendants; proof that notice of this application for appointment of guardian *ad litem* had been served on the infants over the age of fourteen, and also on Sarah J. Allen and John C. Allen, the parents of all the minors, with whom they resided; the order of Judge Hudson appointing J. M. Gray as guardian *ad litem* of the minors, reciting therein that the infant defendants had been properly served with copies of the summons and complaint, and that due service had been made of the notice of this application; the written consent of J. M. Gray to serve as guardian *ad*

*litem;* and the answer of the guardian *ad litem* by James W. Moore, defendant's attorney. This answer purports to be the answer of the minor defendants, all of whom are named in the title, but in reciting the names of the minors, answering through their guardian *ad litem*, the name of Lucy Allen is omited, no doubt, accidentally. This answer styles J. M. Gray the guardian *ad litem*, or John M. Gray. By proof *dehors* the record it is shown that J. M. Gray, the guardian *ad litem*, is known as Joseph M. Gray. The objections to the answer of the guardian *ad litem* show mere irregularities, within the power of the Court to correct by amendment, and are not fatal to the jurisdiction. The proof of service, aided by the recitals in the orders, is sufficient. All presumptions must be indulged in favor of the jurisdiction of a court of general jurisdiction. To avoid such a judgment for want of jurisdiction the jurisdictional defects must appear affirmatively on the record. *Clemson College* v. *Pickens*, 42 S. C., 511.

On the second ground mentioned in Judge Earle's order, we think he has erred. There is no statutory limitation in this State as to the time within which a motion to vacate or set aside a judgment must be made, except in those cases provided for in sec. 197 of the Code. *Ex parte Carroll*, 17 S. C., 449.

Judge Earle did not pass upon the other questions raised. Since all parties interested concur in wishing the decree of October 18, 1884, vacated, except the attorneys named, who merely desired to be protected in their right to the fees adjudged to be properly due them, and in view of the fact that the scheme of the decree has been barren of results and is now deemed inexpedient, because of the events that have transpired since the decree, we have concluded to render the following judgment: The judgment of this Court is, that the judgment of the Circuit Court be reversed (not, however, on jurisdictional grounds), and the decretal order of sale and reinvestment made in said cause October 18, 1884, be revoked and all proceedings thereunder restrained,

*on condition* that the fees adjudged to be due W. S. Tilling-hast and James W. Moore, as attorneys in said cause, or whatever may remain due thereon, without interest, be paid or satisfactory arrangement for their payment be made on or before October 1st, 1897.