CULLER v. CRIM.

1. HOMESTEAD.—Under the homestead act of 1880, 17 Stat., 513, the homestead exemption becomes complete when return of appraisers is filed, and exceptions thereto overruled.
2. IBID.—RECORDING.—The provision as to recording the homestead exemption is only intended to give notice.
3. IBID.—ESTOPPEL.—The heirs at law of a decedent who has had homestead set aside are estopped from maintaining an action for the possession of the homestead against a purchaser at a probate sale in aid of assets, to which proceeding they were parties.

Before KLUGH, J., Lexington, February, 1898. Reversed.

Action by Rachel M. Culler *v.* Henry Crim, and the heirs at law of David B. Culler, for possession of land and partition.

The following is so much of the Circuit decree as throws light on the questions decided:

This cause was heard by me at Lexington, at the fall term, 1897, upon the pleadings and testimony taken by a referee. It appears that M. J. Rucker recovered judgment against David B. Culler and two others, on the 21st day of June, 1881, upon a note dated February 9, 1878. Execution was issued upon said judgment, whereupon Culler claimed homestead; appraisers were appointed and made their return, to which exceptions were duly filed, and were heard by the Court about the year 1882. Although the record does not show what was the decision of the Court as to these exceptions, the testimony of J. A. Muller, Esq., is positive that they were overruled and the return confirmed. This testimony is borne out by the fact that Culler was allowed to remain in undisturbed possession of the property thus set off as homestead until his death, in 1893, and by the further fact that the judgment creditor turned from pursuit of Culler to seek satisfaction out of the other defendants to the same judgment, by proceedings supplementary to the execution. I conclude, therefore, that, as a matter of fact, the homestead was confirmed by the Court. Matters adjudicated by that proceeding are not open to inquiry now. * * * After the death of David B. Culler, letters of administration on his estate were issued to H. A. Spann, as clerk of court, it seems, at the instance of creditors. The administrator sold the personal estate, realizing therefrom the sum of $53.15. Under proceedings thereafter instituted in the probate court, to sell the real estate for the payment of debts, a tract of 133 acres, being a part of the real estate which had been set off to David B. Culler as a homestead, was sold on salesday in January, 1896, to Henry Crim, one of the defendants herein, by the probate judge for Lexington County, and said Crim is now in the possession thereof. This action, to which the heirs at law of David B. Culler, and also Henry Crim, and H. A. Spann, as administrator, are parties, is brought for the purpose of annulling the sale of said tract of land to Crim and recovering the same from him, together with damages, for an accounting by the

administrator, and for the partition of the real estate of said David B. Culler. * * * The main question in the case is as to what should be the disposition of the homestead, now that David B. Culler is dead, leaving no widow or children. We have seen that one of his sisters, Marjory, for whose benefit in part, doubtless, the Court allowed the homestead exemption to him, is dead; and the other, Rachel, apparently makes no claim as a beneficiary under the homestead assignment, for she comes now asking partition of the homestead amongst all the heirs of him to whom it was set off. So the conditions calling for the exemption having ceased to exist, the exemption itself has ceased. Shall the property now go to the payment of the creditors of David B. Culler, or does it pass to his heirs generally, freed from the claims of his creditors? The question must be determined by the law as it stood in 1878, when the debt was contracted against whose collection the homestead exemption was invoked. The law then of force was the act of 1873, 15 Stats., 369. The second section of that act provides that "the title to the homestead, so set off and assigned, shall be forever discharged from all debts of said debtor then existing or thereafter contracted." This provision is identical in terms with that of the act of 1880, which is construed in the case of *Stewart* v. *Blalock*, 45 S. C., 61, and held to exclude the claims of creditors even after the death of the party for whose benefit, in the first instance, the homestead was set off. The property of David B. Culler being thus forever discharged from all his debts, the sale by the probate judge was void. The heirs of David B. Culler are, therefore, entitled to recover the land so sold.

From this decree, the defendant, Henry Crim, appealed.

*Messrs. Efird & Dreher*, for appellant, cite: *The homestead proceeding is not res judicata as to Crim:* 12 Conn., 374; 1 Bail., 75. *Homestead proceedings are not complete until recorded, and purchasers are notified by record only:* 17

Stat., 514; 7 S. C., 149, 172. *Respondents are estopped by probate court proceedings:* 7 S. C., 150; 52 S. C., 173.

*Messrs. Meetze & Muller,* contra, cite: *Finding of trial Judge that return had been confirmed, cannot be reviewed by this Court:* 51 S. C., 97. *But if reviewed, will not be reversed:* 12 S. C., 572, 609. *Judgment creditor having acquiesced in homestead assigned, parties claiming through him are bound:* 41 S. C., 109. *Filing in clerk's office is sufficient:* 15 S. C., 37. *Homestead vested in heirs upon assignment, hence no title of decedent to sell by probate court:* 10 S. C., 37; 22 S. C., 309. *Parties not bound by probate proceeding:* 20 S. C., 246.

July 7, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. In 1881, M. J. Rucker recovered a judgment against David B. Culler, and two other parties, upon a note dated in 1878. Execution was issued upon said judgment, whereupon Culler claimed homestead. Culler remained in possession of the land until his death in 1893. H. A. Spann was appointed administrator of his estate, and under proceedings thereafter instituted in the probate court to sell the real estate in aid of assets to pay debts, a tract containing 133 acres, being a part of the land which had been assigned to David B. Culler as a homestead, was sold in 1896 to Henry Crim, who is now in the possession thereof. The parties served with the summons in the said proceeding are the same as the parties plaintiff and defendant here, except Henry Crim and Lena Hines. This action is brought to set aside the sale of said land to Henry Crim and to recover possession thereof, together with damages, also for an accounting by the administrator, and for partition of the real estate of David B. Culler. The Circuit Judge decided that the sale to Crim was void by reason of the homestead exemption, and that the heirs of David B. Culler were entitled to recover possession of the land, together with damages.

37—52

Henry Crim appealed upon the following exceptions: "1. That his Honor erred in holding that the homestead proceeding in *Rucker* v. *Rast et al.,* was not open to inquiry now, when it appears that there is no order of record confirming the return of appraisers, and that defendant, Crim, had no actual notice of such confirming order, and was not a party to that cause. 2. That his Honor erred in holding that the homestead exemption was complete in David B. Culler, without the return of the appraisers having been recorded in the proper book in R. M. C. for Lexington County. 3. That his Honor erred in setting aside the sale in aid of assets by the probate court, in that having held that the homestead exemptions had terminated with the life of David B. Culler, and the time having arrived for partition, he should have held that this proceeding and sale in probate court was for partition, as well as in aid of assets. 4. That his Honor erred in setting aside the sale in aid of assets by the probate court, and ordering the deed to Crim vacated, in that having held that the exemption to David B. Culler had terminated with his life, and the time for partition among his heirs having arrived, he should have held that all the parties, who were served with summons in the proceedings in the probate court, and who neglected to answer, or claim the lands as exempt from the debt of David B. Culler, are now estopped from setting up such claim against the lands; and he should have held that their only relief now was to have the proceeds of the probate sale of the land paid to them."

The first and second exceptions will be considered together. Henry Crim does not set up as a defense that he was a purchaser without notice, nor does he claim that he was a creditor of David B. Culler. But even conceding his right to object to the irregularity of the homestead proceedings, let us see if they were so irregular as to render them a nullity. By the act of 1880, 17 Stat., 513, entitled "An act to determine and perpetuate the homestead," which was of force when the homestead was claimed, it is provided that "said appraisers shall make

return of their action in the premises, under their hands and seals, to the sheriff or other officer, within thirty days after the said appraisers shall have been appointed as aforesaid, for record in the office of the clerk of said court, giving the metes and bounds as well as the value of the homestead so set off. * * * And if no complaint shall be made by either creditor or debtor within thirty days after the return of the appraisers has been filed, the proceedings in the case shall be final." The said act also contains the following: "That when thirty days shall have elapsed after the filing of the return of said appraisers, setting off a homestead to any debtor, according to the provisions of section 1 of this act, and no exceptions have been filed against such return, or if such return be finally heard and approved, such debtor may have such return recorded in the office of the register of mesne conveyance of the county in which the same is located; and upon such return being recorded in forty days after the proceedings have become final, the title to the homestead so set off and assigned shall be forever discharged from all debts or said debtor then existing or thereafter contracted." Exceptions were filed to the return of the appraisers, and they were overruled.

The return of the appraisers, therefore, by the terms of the statute, became final. The provision as to recording was simply intended to give notice. The appellant does not show that he holds under a claim against which David B. Culler was not entitled to claim the homestead exemption. These exceptions are overruled.

The view which this Court takes of the fourth exception renders unnecessary a consideration of the third exception.

The fourth exception will next be considered. The order of the probate court to sell the land in aid of assets, was binding upon all who were made parties to that proceeding. The necessary effect of that order was to destroy the right of the parties to that proceeding to claim the homestead in the land ordered to be sold. Henry Crim purchased the land freed from the claims of all the

parties to this action, except Lena Hines, who was not made a party to the proceedings in the probate court. Lena Hines still has an interest in the land.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the case be remanded, for the purpose of adjusting the rights existing between Henry Crim and Lena Hines.