13099

WITT, RECEIVER, v. LEYSATH ET AL.

(158 S. E., 226)

252

May, 1930.

*Messrs. Lide & Felder,* for appellant,

*Messrs. Wm. C. Wolfe* and *Adam H. Moss,* for respondent,

March 27, 1931; Modified April 22, 1931.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This case comes before this Court on appeal by the plaintiff, F. L. Witt, receiver of the Bank of North, S. C., from an order of his Honor, Judge T. S. Sease, granting the petition of the defendant Leita S. Leysath to vacate and set aside the judgment heretofore rendered and entered in this case against the petitioner by default, and permitting her to file an answer within twenty days from the date of said order. The facts involved, briefly stated, are as follows:

While the defendants, James E. Leysath and Leita S. Leysath, were living together as husband and wife, in 1922 and 1923, she, Leita S. Leysath, indorsed four notes of $1,500.00 each, signed by her husband, the said James E. Leysath, payable to Bank of North. The notes were delivered to the Bank of North, and upon default of payment when the same became due, suit was commenced, in the Court of

Common Pleas for Orangeburg County, against the defendants, James E. Leysath and Leita S. Leysath, and judgment by default was obtained against both of them, December 3, 1924. After entry of judgment the said bank closed its doors, and in due time a receiver was appointed for the closed bank, and he, as such receiver, was later substituted as plaintiff in the cause. October 24, 1925, execution was issued by the Clerk of Court of said County of Orangeburg and placed in the hands of the Sheriff of said county, but no return was made until September 10, 1929, on which date the Sheriff made return on the execution in the form of a *nulla bona*. After the *nulla bona* return was filed, the Bank of North, through its said receiver, began supplementary proceedings which resulted in an order requiring the defendants to submit to an examination before the Master for said county. Following this examination, the defendant Leita S. Leysath presented to the Court the petition herein involved, whereby she petitioned the Court for an order "opening and vacating the judgment entered and allowing her to file her answer and to make defense herein as is allowed by law." The record before the Court further discloses that September 10, 1923, the petitioner herein, Mrs. Leita S. Leysath, brought an action against her husband, the said James E. Leysath, for alimony, and that case was heard at the October, 1923, term of Court of Common Pleas for said County of Orangeburg, and from the judgment of the lower Court in that cause against the said James E. Leysath, he appealed to this Court, the case being reported in 130 S. C., 511, 125 S. E., 737. Later, December, 1925, the said Leita S. Leysath brought an action in the County Court for Orangeburg County wherein she tried to compel her husband, the said James E. Leysath, from whom she was separated, to pay her alimony which had been awarded her by the Court. In this proceeding, brought in her behalf, the judgment in the case of the Bank of North against the said James E. Leysath and Leita S. Leysath was by her attorneys

introduced in evidence, and the Master in his report in the case in the County Court called attention to this judgment in the *Bank case*. As set forth in the petition of the said Leita S. Leysath (which petition will be reported with the case), it is her contention that she has a valid and complete defense against the notes in question, set out in the suit instituted by the bank and on which judgment was obtained, and that the bank had full notice thereof; that she did not answer the complaint in that cause, which complaint was duly served upon her along with the summons attached, because of mistake and inadvertence, which she alleges was excusable, a full statement of her alleged mistake and inadvertence being set forth in her petition, which will be reported.

The exceptions, which will be reported with the case, raise several questions, but under the view we take of the case it is only necessary to consider one question, that with reference to notice of the judgment entered against the petitioner in the *Bank case*.

Under the facts alleged in petitioner's petition, if the relief asked for is to be granted it must be under Section 437 of the Code of Civil Procedure, 1922, which section reads as follows:

"(437) *Court May Give Relief in Case of Mistake.*—The Court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code of Procedure, or, by an order, enlarge such time; and may also, in its discretion and upon such terms as may be just, *at any time within one year after notice thereof,* relieve a party from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding; and whenever any proceeding taken by a party fails to conform in any respect to the provisions of this Code of Procedure, the Court may, in like manner, and upon like

terms, permit an amendment of such proceeding, so as to make it conformable thereto." (Italics added.)

Under the provisions of this section of the Code the relief can be granted only when the same is asked for within one year after notice of the judgment. It is the contention of the petitioner, who is the respondent before this Court, that she presented her petition for relief within one year after receiving notice of the judgment in question. She contends that she had to have actual notice and that the records of the Court, in the office of the Clerk of Court for Orangeburg County, afforded no notice to her, as contemplated by the section of the Code above quoted. We are unable to agree with this position, but think the petitioner, like all other persons, bound by the constructive notice afforded by the recordation of the entry of judgment, or enrolling the same, and having not presented her petition for relief sought within the required time, that the Court is powerless to grant the same. The record discloses that the judgment in question was obtained against the defendants in the *Bank case,* including the petitioner, in the Court of Common Pleas for Orangeburg County, December 3, 1924, and the same appears of record in the office of the Clerk of Court of said county, in Judgment Roll 211, Apartment 27, and was so entered at the time obtained. The petition to the Court was not presented until November 11, 1929. We think the petition should have been refused.

In this connection we call attention to the fact that while the petitioner, in her allegations contained in her petition, sets out a statement of facts which, if proven, would tend to establish fraud and coercion in procuring her indorsement to the notes sued on and on which judgment was obtained, she alleges and sets out no statement of facts which, if proven, would tend to establish fraud and coercion in obtaining judgment against her. She says that her husband executed the notes in question to the bank because of some unlawful acts on his part in his dealing with the bank and

that he forced her to endorse the notes under threats of taking her life. When the suit was begun to procure judgment against petitioner, on account of her indorsement of these notes, it was commenced, not against her alone, but against her husband also, and judgment was obtained against both. There is nothing in the record which tends to show that the husband colluded with the bank in getting the judgment against petitioner. While the record shows that her husband was president of the bank at the time of the execution of the notes, the record does not show that he was acting as president at the time of the suit in question. He was certainly not in charge of the bank's affairs when the suit was begun, else the suit would not have been against him. So far as the record discloses, the suit was pressed against petitioner's husband just as it was pressed against her. It is also interesting to note that while, according to petitioner's allegations, her indorsement to the notes was procured by force and fraud, in the years 1922 and 1923, she took no steps to be relieved of her obligations thereon until November 11, 1929, notwithstanding the fact that soon after indorsing the notes she commenced an action against her husband for alimony. If she had no fear of prosecuting a suit against her husband for alimony, it does seem that she might have had the temerity to have taken steps to be relieved of her obligation on account of her indorsement. The summons and complaint in the case in question was served on petitioner September 24, 1924, and no question is suggested that the service was not lawful and regular in every sense, and the record contains due proof to that effect. The petitioner did not answer, and says in her petition that she did not answer the summons and complaint because she thought the papers were connected with the alimony suit she had instituted against her husband. Why she did not take time to read papers served upon her which she thought were connected with the alimony suit, a matter in which she must have been deeply interested, is hard to understand. There-

after, the attorney representing the plaintiff in the said suit, after the time had expired for answering, filed the regular affidavit showing the defendant, petitioner herein, had defaulted. Following this, judgment was taken in the manner prescribed by law, and due entry and enrollment of the same made in the office of the Clerk of Court for Orangeburg County, which record served as notice to the petitioner and to the world of said outstanding judgment. In her petition petitioner has asked the Court to open up the judgment. She alleges that she was greatly worried at the time the papers were served upon her, and states that she is entitled to have the judgment opened on account of the mistake she made, her inadvertence and excusable neglect. According to our view of the law, the petitioner is not entitled to the relief sought, and think that his Honor, the trial Judge, erred in granting the petition.

In connection with the view herein expressed, attention is called to Section 610 of the Code of Civil Procedure 1922, and Section 5320, Vol. 3, Code 1922, and amendments thereto; also, to the following cases: *Mortgage Company v. Strait,* 84 S. C., 141, 65 S. E., 1038; *Brown v. Easterling,* 59 S. C., 472, 38 S. E., 118.

It is the judgment of this Court that the order appealed from be and the same is hereby reversed and the petition of the said Leita S. Leysath refused and dismissed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN and STABLER and MR. ACTING ASSOCIATE JUSTICE COSGROVE concur.