13554

FOSTER v. PRUITT *ET AL.*

(167 S. E., 410)

*Mr. R. S. Moore,* for appellant,

*Messrs. Carlisle, Brown & Carlisle,* for respondent,

January 11, 1933.

The opinion of the Court was delivered by CIRCUIT JUDGE C. J. RAMAGE, ACTING ASSOCIATE JUSTICE.

This is an appeal from an order of his Honor, Judge Sease, reversing the Court of Probate for Spartanburg County.

On February 10, 1932, Probate Judge Foster ordered a sale of certain lands in Spartanburg County in aid of assets in pursuance of a proper complaint for that purpose. This

decree, among other things, provided: "That the proceeds of such sale be applied first to all taxes due on said land, then to the costs of administration and fees, and then to the payment of any debts against the estate of Russell Pruitt deceased, etc."

It may be stated at the outset that this order ought not to have been granted, if appellant was entitled to a homestead, and would not have been, if timely objection had been made. We must begin the case with this principle clearly in view.

> Also that appellant is bound by the decree of the Court till the same is modified or set aside.

> The Court of Common Pleas, and any Court for that matter, may modify or set aside judgments made therein, if said action be taken in proper time.

We hold that the order of Judge Foster, dated May 2, 1932, is a modification and setting aside of the order dated February 10, 1932, so far as ordering the application of the proceeds of sale to the payment of debts of Russell Pruitt.

> While his decree does not say so in express words, yet the effect is to modify and set aside that part of the decree, and the law looks at the substance and

not at technicalities. The cases of *Culler v. Crim,* 52 S. C., 574, 30 S. E., 635, and *Haddon v. Lenhardt,* 54 S. C., 88, 31 S. E., 883, relied on by the Court below, were directed to purchasers at the sale, and no Court could upset their titles. These cases were decided on correct principles, and no fault can be found with them. But here the situation is altogether different. The funds are still in the hands of the administrator and not in the hands of the creditor. No innocent purchaser at a public sale is involved. The funds are still in Court, for the administrator is the organ of the Court.

> The law of this State provides ways in which a homestead may be waived, and the method here adopted is not one of them.

Let the order of Judge Sease be set out in the case.

It is the judgment of this Court that the order of Judge Sease be reversed, and the order of Probate Judge Foster be affirmed.

Mr. Chief Justice Blease and Messrs. Justices Carter and Bonham and Mr. Acting Associate Justice G. Dewey Oxner concur.