14991

ANDERSON v. TOLEDO SCALE CO.

(6 S. E. (2d), 465)

April, 1938.

Mr. Hunter A. Gibbes, for appellant,

Messrs. Jack M. Rose and T. P. Taylor, for respondent,

December 28, 1939.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Appellant moved in the county Court for Richland County to set aside a judgment in favor of respondent, which was obtained, by default, in that Court the 6th day of April, 1938. The motion to vacate and set aside the judgment was predicated on the allegations: That judgment was obtained through surprise and excusable neglect and inadvertence, in that the summons only was served upon defendants; that they expected a complaint to be served and no complaint was actually served; that they were not familiar with the practice in this State as to suit by service of summons only.

The cardinal facts are stated by appellant in the "statement" affixed to the Transcript of Record. The summons was served on W. F. MacKinnon, an agent of the defendant company at Columbia, S. C., on February 9, 1938, and was filed in the office of the Clerk of Court for Richland County, February 18, 1938. Affidavit of default was made by one of the attorneys for plaintiff on April 5, 1938, and judgment rendered April 6, 1938. The complaint was filed in the office of the Clerk of the Court on March 11, 1938. Execution was issued April 10, 1939, and the sheriff levied on certain personal property of the defendant Toledo Scale Company.

The cause was heard by Honorable A. W. Holman, Judge of the Richland County Court, who filed his order on July 21, 1939, overruling the motion to set aside the judgment.

The appeal is from that order.

Section 495, Volume 1, Code 1932, provides that the Court may " * * * in its discretion and upon such terms as may be just, at any time within one year after no-

tice thereof, relieve a party from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect, * * * ."

It is not denied that the application to the Court to be relieved from the judgment was made more than one year after entry of the judgment. Appellant claims that it had no actual notice of the judgment within one year of its entry; that cannot avail it. The case of *Witt v. Leysath,* 160 S. C., 251, 158 S. E., 226, is decisive of this question.

We find nothing in the admitted facts of this case to justify the Court in setting aside this judgment. It is conceded that when the summons was served on defendant's agent, he laid it aside and did nothing about it, so that judgment against defendant went by default. This was an error, or mistake of law. It is the established rule of this jurisdiction that the provisions of Section 495 of the Code apply only to mistakes of fact, and not of law. See *Lucas v. Insurance Co.,* 184 S. C., 119, 191 S. E., 711.

It is needless to discuss other exceptions; the appellant must fail on the above-stated grounds.

The judgment of a Court of competent jurisdiction, in which the proceedings are regular and in accord with law and the rules of procedure, is the solemn adjudication of the law of that case, and ought not to be lightly set aside. The Code provides the method by which it may be set aside; but that method must be strictly followed.

We do not find that the appellant has shown proof of such mistake, surprise, inadvertence or excusable neglect as entitles it to have this judgment set aside.

The exceptions are overruled and the judgment appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.