## 20510

Maxwell O. CENTER, Sr., Respondent-Appellant, v. Maxwell O. CENTER, Jr., and Mildred S. Center, of whom Mildred S. Center is the Appellant-Respondent.

(237 S. E. (2d) 491)

*Victoria L. Eslinger, of Eslinger & Knowles,* Columbia, *for Appellant-Respondent,*

*George F. Townes,* of Greenville, *for Respondent-Appellant,*

September 13, 1977.

GREGORY, Justice.

This is a cross appeal from two orders of the lower court in a malicious prosecution action. Mrs. Center appeals an order dated July 12, 1976, refusing to vacate a default judgment entered against her. Both Mrs. Center and Maxwell O. Center, Sr. (Mr. Center) appeal an order dated July 30, 1976, reducing the award of punitive damages from $47,500 to $25,000. We affirm the lower court's refusal to vacate and reverse the reduction of punitive damages.

In August 1972, while Mr. and Mrs. Center were separated, Mr. Center returned to the family home to retrieve his tractor and numerous items of personal property. Maxwell O. Center, Jr. (Maxwell, Jr.) believing the tractor belonged to him, swore out an arrest warrant for his father charging him with grand larceny. At the time Maxwell, Jr., lived at home with his mother.

With Maxwell, Jr.'s consent, the Solicitor nol prossed the case on or about August 25, 1972.

The matters now before this Court on appeal have their origins in a malicious prosecution action brought by Mr. Center against Maxwell, Jr., and Mrs. Center. Mrs. Center was served by leaving a copy of the summons and complaint with Maxwell, Jr., on May 15, 1974. Mrs. Center was out of the State at this time caring for an ill brother and the

record does not indicate when she returned home. Maxwell, Jr., did not deliver the papers to his mother until July 1974. Mr. Center secured a default judgment against his wife in June 1974, and was awarded by the court $350 actual damages and $47,500 punitive damages. The record does not indicate why no judgment was obtained against Maxwell, Jr.

Although Mrs. Center received the summons and complaint from her son in July 1974, she made no attempt to vacate or set aside the judgment and award against her until September 26, 1975, some fourteen months later. By order dated July 12, 1976, this motion was denied.

On July 30, 1976, an in-chambers hearing without testimony was held and by order of that date the punitive damages awarded Mr. Center were reduced from $47,500 to $25,000.

Mrs. Center argues that the judgment should have been vacated under Section 10-1213 of the 1962 Code of Laws of South Carolina (now codified as Section 15-27-130 of the 1976 Code) because she applied for the relief prescribed by that statute within one year after receiving actual notice of the judgment. She further argues that the judgment should have been set aside because it was procured by means of extrinsic fraud.

Section 15-27-130 of the 1976 Code provides that ▮ ▮ "at any time within one year of notice thereof" the circuit court may relieve a party from a judgment "taken against him through his mistake, inadvertence or excusable neglect." Because Mrs. Center had constructive notice of the judgment against her on June 27, 1974, the date it was enrolled, her right to apply for relief under the statute no longer existed by the time she finally sought to have the judgment set aside. In *Weathers v. Gary*, 228 S. C. 105, 88 S. E. (2d) 871 (1955), we said:

When the judgment was enrolled, knowledge thereof was imputed to defendant and such adjudication ought not to be

set aside, and it cannot be set aside unless the method provided by Code Section 10-1213 (Section 15-27-130, 1976 Code) is strictly followed. An essential provision of this Section is to apply for relief within one year. *Witt v. Leysath,* 160 S. C. 251, 158 S. E. 226. Also, see *Anderson v. Toledo Scale Co.,* 192 S. C. 300, 6 S. E. (2d) 465.

While Section 15-27-130 is designed to "relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect" it "was never intended to protect the . . . indifferent." *Pruitte v. Burns,* 212 S. C. 325, 47 S. E. (2d) 785, 787 (1948).

The one year time limit imposed by Section 15-27-130 applies only to those causes listed in the statute and has no effect on the equity power of a court to set aside a judgment procured by fraud. *Ex Parte Carroll,* 17 S. C. 446 (1882); *Ex Parte Gray,* 48 S. C. 566, 26 S. E. 786 (1897).

In *Bryan v. Bryan,* 220 S. C. 164, 66 S. E. (2d) 609 (1951), we stated the rule as to when equitable relief from a judgment may be obtained:

There is no doubt that a court of equity has inherent power to grant relief from a judgment on the ground of fraud. However, not every fraud is sufficient to move a court of equity to grant relief from a judgment. Generally speaking, in order to secure equitable relief, it must appear that the fraud was extrinsic or collateral to the question examined and determined in the action in which the judgment was rendered; intrinsic fraud is not sufficent for equitable relief. 66 S. E. (2d) at 610.

*See also: Wold v. Funderburg,* 250 S. C. 205, 157 S. E. (2d) 180 (1967).

Although Mrs. Center's failure to actually receive the summons and complaint until after entry of the judgment would have entitled her to relief under Section 15-27-130 if she had made timely application, such is not extrinsic fraud. It is conceded that service of the sum-

mons and complaint complied with Section 15-9-520 and there is no evidence of collusion between father and son.

Any question as to the presence of extrinsic fraud was decided by the lower court's refusal to vacate the judgment and Mrs. Center has not satisfied this Court that the lower court's finding is against the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

Both parties appeal the lower court's order dated July 30, 1976, reducing the award of punitive damages from $47,500 to $25,000. Mr. Center argues that the lower court lacked the authority to reduce the award, and Mrs. Center contends that the lower court abused its discretion by not reducing the award substantially more than it did.

■ A trial judge possesses the authority to modify or amend his own judgments [*Foster v. Pruitt,* 168 S. C. 262, 167 S. E. 410 (1933)] until the expiration of the term at which they were had. This authority ends with the term of court except as to corrections of clerical or formal error.

After expiration of the term at which it was rendered, or of the statutory period of limitations, in cases governed by statute, a judgment is no longer open to any amendment, revision, modification or correction which involves the exercise of the judgment or discretion of the court on the merits or on matters of substance. 49 C. J. S. *Judgments* § 238.

*See also: State v. Richland County Court,* 261 S. C. 478, 200 S. E. (2d) 843 (1973); *State v. Best,* 257 S. C. 361, 186 S. E. (2d) 272 (1972); *Barnett v. Piedmont Shirt Corp.,* 230 S. C. 34, 94 S. E. (2d) 1 (1956).

Mrs. Center did not attempt to modify the award of punitive damages by appeal, by motion to vacate under Section 15-27-130, or by motion to amend judgment within the term of court. She sought equitable relief from the award

on the grounds that it was procured by extrinsic fraud but failed to establish a *prima facie* case.

Although a judgment obtained by fraud may be set aside by a court of equity (*Bryan v. Bryan, supra*) "[a]s a general rule, equity will grant no relief to one against whom an unfavorable judgment has been rendered, even in consequence of fraud, where the aggrieved party could have prevented the return of such a judgment by the exercise of proper diligence: . . ." *Lewis v. Lewis,* 228 Ga. 703, 187 S. E. (2d) 872, 873 (1972). *Barnes v. Milne,* 9 S. C. Eq. (Rich. Cas.) 459 (1830) ; *Sullivan v. Shell,* 36 S. C. 578, 15 S. E. 722 (1892) ; *See also:* 49 C. J. S. *Judgments* § 363; 46 Am. Jur. (2d) *Judgments* § 857.

The record indicates that Mrs. Center is an experienced litigant with the capacity to appreciate fully the significance of a summons and complaint. Even if we assume *arguendo* the presence of extrinsic fraud, Mrs. Center's disregard for the summons and complaint, not fraud, brought about the judgment and award of which she now complains.

Affirmed in part, reversed in part, and remanded to the lower court for reinstatement of the original judgment and award.

LEWIS, C. J., LITTLEJOHN, NESS and RHODES, JJ., concur.