21899

Kenneth R. RYCROFT, Appellant, v. Rene J. TANGUAY and Manufactured Housing, Inc., Defendants, of whom Rene J. Tanguay is the Respondent.

(302 S. E. (2d) 327)

*David D. Armstrong*, Greenville, *for appellant.*

*Clifford F. Gaddy, Jr.*, of *Gaddy & Davenport*, Greenville, *for respondent.*

April 18, 1983.

LEWIS, Chief Justice:

This appeal is from an order of the lower court setting aside and reopening a judgment upon the ground that the judgment was obtained through extrinsic fraud of appellant.

The parties to this action, as the sole stockholders, engaged in a mobile home business in Greenville, South Carolina, during 1978 and 1979 under the name of Manufacturing Housing, Inc. They had a disagreement over the conduct of the business and appellant instituted this action in April 1979 to dissolve the corporation. Respondent filed a counterclaim alleging misapplication of funds by appellant. By reply, appellant interposed similar allegations against respondent.

The matter was referred to the Master in Equity and a hearing was held on June 13, 1979. Counsel for respondent waited until the night before the hearing to serve a subpoena *duces tecum* on appellant to produce, among other things, records of a joint bank account at Citizens and Southern National Bank in the names of himself and his wife. Although discovery was pursued while the action was pending, at no time prior to the subpoena did respondent or his counsel inquire of appellant concerning his personal bank records. There is no indication in the record that appellant ever actively concealed the fact that he had personal bank accounts; he was simply never asked. Appellant was unable to produce the bank records at trial the next morning in response to the subpoena served the night before. During trial appellant was questioned about his negotiation of checks payable to the corporation. At the conclusion of the hearing, respondent's attorney moved for a continuance so that he could obtain and

inspect the Citizens and Southern National Bank records. The Master denied the motion as untimely made.

Appellant was allowed to purchase the one-half interest of respondent in the corporation for the sum of $3100.00 and respondent was awarded the sum of $4,114.68 against appellant on his counterclaim. The Master issued his report on June 29, 1979 setting forth his findings and recommendations to the circuit court. No exceptions were served or filed by either party to the report of the Master, and appellant duly complied with the decision of the Master by paying the above amounts to respondent who accepted the same.

Thereafter, appellant filed a motion on August 3, 1979 to dismiss this action on the ground that the issues between the parties had been settled and disposed of in accordance with the Master's report. On August 29, 1979 respondent filed a reply to the motion requesting that the case be reopened and respondent allowed to present additional evidence on the ground that appellant had offered perjured testimony and had committed fraud upon the court. In the meantime, respondent procured the issuance of another subpoena *duces tecum* to secure the production of appellant's personal bank records which respondent had mentioned in his motion for a continuance of the hearing on June 13, 1979. Subsequently these bank records were received by respondent and his attorney.

Pursuant to the motion previously made for an order of dismissal, this action was dismissed on September 6, 1979. Notice of appeal by respondent from the order of dismissal was served and then later dismissed pursuant to a Certificate of No Return issued by the Clerk of this Court on January 2, 1980.

Thereafter, the lower court issued an order, on motion of respondent, reopening the judgment on the ground that appellant had committed extrinsic fraud by giving false and inconsistent testimony and failed to produce his personal bank records before the Master pursuant to the subpoena *duces tecum* issued the night before the hearing before the Master on June 13, 1979. This appeal is from the order reopening the judgment in this case on the ground of extrinsic fraud. We reverse.

While the court of equity may set aside a judgment obtained by fraud, generally equity will not grant relief to one against whom an unfavorable judgment has been rendered, even in consequence of fraud, where the aggrieved party has not acted with diligence. *Center v. Center*, 269 S. C. 367, 237 S. E. (2d) 491.

The basis of the charge of extrinsic fraud is that appellant was guilty of perjury and failed to produce the bank records showing his and his wife's personal joint banking account. The Master held that the issuance of the subpoena to produce these records on the night before the hearing on June 13, 1979 was not timely. There has been no appeal from this finding. Following the decision of the Master and with knowledge of the existence of appellant's personal bank account, respondent accepted payment of all amounts due under the Master's report. Subsequently, the action was dismissed because settlement of the judgment had been made and accepted. No appeal was perfected from this order dismissing the action.

Respondent's failure, under the foregoing circumstances, to timely pursue the remedies available to him bars him from now asserting his present claim of fraud.

We have held that the charge of perjury or false swearing on the part of a party or his witnesses is a species of intrinsic, not extrinsic, fraud, and affords no ground for equitable interference with a judgment. *Corley v. Centennial Construction Company*, 247 S. C. 179, 146 S. E. (2d) 609; *Bryan v. Bryan*, 220 S. C. 164, 66 S. E. (2d) 609.

Any claim of active concealment by appellant of his personal bank records, as a basis for fraud, is without factual support in the record. Respondent simply failed to timely pursue the remedies available to him to have them produced; and appellant did not choose to voluntarily bring them to court. The "mere failure to disclose to the adversary, or to the court, matters which would defeat one's own claim or defense is not such extrinsic fraud as will justify or require vacation of the judgment." 49 C.J.S., Judgments, Section 269, at page 489.

The order under appeal is accordingly reversed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.