1604

In re Flora M. COLEMAN and William A. Coleman, III, as Co-Executors of The Last Will and Testament of Robert Wesley Coleman, Sr., Petitioners. Of Whom Flora M. Coleman, Co-Executor, is Appellant v. Claudia Coleman DUNLAP, Deborah Coleman Marsh, and Robert Wesley Coleman, Jr., Respondents.

(402 S.E. (2d) 181)

Court of Appeals

*J. Lewis Cromer,* of *Cromer & Mabry,* Columbia, *for appellant.*

*B. Michael Brackett,* Columbia, *for respondents.*

Heard Oct. 17, 1990.

Decided Jan. 9, 1991.

*Per Curiam:*

This case involves the validity of the will of Robert Wesley Coleman, Sr., who died in 1987 leaving under the terms of the will his properties to his widow Flora M. Coleman and one son William A. Coleman, III. The will left nothing to his children Claudia Coleman Dunlap, Deborah Coleman Marsh and Robert Wesley Coleman, Jr., who seek to have the will declared invalid.

The will, regular on its face, was admitted to probate in common form.

Thereafter the three children not inheriting instituted a proceeding in the probate court to vacate the will alleging that it was executed under undue influence. At the hearing it developed that there was testimony to the effect that not all of the three witnesses signed in the presence of each other and in the presence of the testator as is required by § 21-7-50 of the Code of Laws of South Carolina.[1]

Based on such evidence as was before the probate court, the judge, November 18, 1987, held the will to be void and administration of the estate proceeded as an intestate estate. The undue influence issue was not determined.

On November 17, 1988, counsel for the beneficiaries moved to vacate the order on the ground of a mistake or inadvertence pursuant to Rule 60(b)(1) SCRCP and on the ground of newly discovered evidence pursuant to Rule 60(b)(2) SCRCP. Upon hearing the motion, the probate judge vacated his previous order and held the will to be valid.

This last order of the probate judge was appealed to the court of common pleas for Florence County. The circuit court judge reversed the probate judge's order, holding that he had abused his discretion and ordered the estate to proceed as intestacy. The beneficiaries of the will, widow and one son, appeal. We reverse.

---

[1] The decedent executed his will in 1981. At that time, the cited code section was the law in South Carolina. The new Probate Court, effective July 1, 1987, repealed this code section and replaced it with section 62-2-502. The parties presented this case to the lower courts under the old code section. Both lower courts decided this case under the old code section. Neither party challenged the applicability of the old code section on appeal to this Court. Accordingly we do not apply the new code section, nor do we express any opinion on its applicability.

The gravamen of the circuit court judge's order is that (1) the motion was untimely, (2) improper grounds, this being not the type of mistake contemplated by the rule, and (3) no newly discovered evidence.

A motion to vacate or open a judgment is addressed to the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a clear showing of an abuse of discretion. *Bankers Trust of S.C. v. Bruce*, 283 S.C. 408, 323 S.E. (2d) 523 (1984).

Rule 60(b) reads in relevant part as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. . . .

The motion was made within the "one year" period contemplated by the rule. The contestants argue that the motion was not made within a "reasonable time," and the circuit court judge agreed. The one year limit is a nondiscretionary mandate whereas the "reasonable time" limitation is discretionary and should be determined under the facts and circumstance of each case. A discretion is allowed to the trial court which in this case was the probate court. The discretion is not allowed the circuit court.

The circuit court should grant relief only where there was an abuse of discretion. Commenting thereon, the probate judge said: "I further find that the movant has acted in a timely fashion in seeking this relief. The motion was brought within a year as provided by the Rule and it appears that the plaintiff herself first had reason to question the validity of the earlier testimony after a lawsuit had been filed by her against the attorney who prepared the will and in the course of discovery in that lawsuit she determined that the testimony of the attesting witnesses may have been incorrect. . . ."

The circuit court judge held that delay in filing the motion ". . . was also unreasonable due to the prejudice suffered by other parties." The prejudice claimed by these litigants grew out of time and effort and expense experienced incident to participating in the administration of the estate. Inferentially, a substantial portion of such time, effort and expense was made in an effort to show that the will was executed through undue influence. This undue influence issue remains undetermined and may yet be litigated.

The probate judge reversed his previous order holding:

> I find that my earlier ruling was based upon the testimony that all three witnesses did not sign this will in the presence of the testator and the testator did not sign the will in the presence of all three witnesses. I now find that to be a mistake of fact and find that the will was properly executed as provided by the law of South Carolina. I find that such a mistake entitles the movant herein to relief from the earlier order and thereby grant such relief.

The probate judge's order admitting the will to probate and vacating his previous order was based to some extent on testimony recanted. Such evidence should be closely scrutinized in an effort to reach the truth. It need not be ignored or disregarded. Recanted testimony must be given such weight as the trier of facts concludes it should have. The credibility of the witnesses, here mostly affidavits, was a matter for the trier of facts. There is abundant evidence which, if believed, warrants the finding of the probate court. That court may have exercised its discretion to the contrary, but this court is not in sufficient disagreement to say that he abused his discretion.

We conclude that the appellate circuit court judge weighed the evidence instead of determining whether it was sufficient to warrant the discretion exercised under the facts of this case.

The third issue upon which the circuit court made its determination relates to after discovered evidence. We agree with the circuit court that the evidence does not meet the requirements of Rule 60(b)(2), but in light of our ruling indicated hereinabove, the issue becomes moot.

It follows that the appeal of the beneficiaries of the will should be, and the same is hereby, sustained. The order of the

probate judge allowing the will to probate is affirmed.

The case is remanded to the probate court for the purpose of determining whether there was or was not undue influence warranting an invalidation of the will.

Reversed and remanded.

SHAW, J., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.

CURETON, J., concurs in Part and Dissents in Part with separate opinion.

CURETON, Justice: (concurring and dissenting).

I concur with those portions of the majority's opinion which hold the appellant's motion to vacate was timely and the probate judge erroneously based his ruling on newly discovered evidence. I disagree, however, with the majority's conclusion that relief under Rule 60(b)(1) on the ground of mistake or inadvertence was available to the appellant.[1] I would affirm the circuit court.

The majority's analysis of the 60(b)(1) issue is bottomed on the lack of an abuse of discretion by the probate judge based on his ability to make credibility determinations concerning the deposition and affidavit testimony of the witnesses introduced at the hearing. While credibility of witnesses is ordinarily a major consideration of the trier of facts in exercising discretion, it has no relevance here because the evidence was presented by affidavits and depositions. The credit court, therefore, was in basically the same position as the probate judge in making credibility decisions.

It seems to me the basic issue involved in this appeal is whether, as a matter of law, recanted testimony which does not qualify as newly discovered evidence, may provide the basis for relief under Rule 60(b)(1). Essentially, two of the witnesses to the will of Robert Wesley Coleman, Sr., who testified at a November 1987 hearing that the will was improperly executed changed their minds and now claim the will was properly executed. The announced reason for their change of

---

[1] This case is in a peculiar posture, for not only did the probate judge set aside his prior order, he also, in effect, retried the case and granted judgment for the appellant based solely on the affidavits and depositions.

heart is that they were mistaken and confused at the November 1987 hearing.[2]

This writer has been unable to locate a case which holds a witness's mistaken or confused testimony qualifies as the type of mistake under Rule 60(b)(1) on which relief may be granted. Appellant cites no case which so holds.

"Despite the liberal language of the Rule, references to its remedial purpose, and the typical deference to the trial court, relief under Rule 60(b)(1), as with its statutory predecessor, *S.C. Code Ann.* Section 15-27-130 (Law Co-op. 1976), is very difficult to obtain and to sustain on appeal . . . Courts are extremely reluctant to reopen judgments when the matter has been litigated and lost." H. Lightsey and J. Flanagan, *South Carolina Civil Procedure* 399 (1985). "The judgment of a Court of competent jurisdiction, in which the proceedings are regular and in accord with law and the rules of procedure, is the solemn adjudication of that case, and ought not be lightly set aside." *Anderson v. Toledo Scale Co.*, 192 S.C. 300, 303, 6 S.E. (2d) 465, 466 (1939).

The majority position of the courts on this question is set forth in the *Restatement (Second) of Judgments* as follows:

> [W]hen the judgment has been entered after contest, the claim of mistake usually concerns an issue of the merits actually litigated by the parties and resolved by the court. An application for relief after a contested proceeding therefore partakes of a petition for reconsideration, and all the reasons for finality of judgment are arrayed against such application. *Restatement (Second) of Judgments* Section 71 comment a (1982).
>
> When mistake is involved [in a contested proceeding] both parties were exposed alike to the inadequacies of information and mishaps in procedure that attend litigation. Moreover, the matter in question was, in most cases, open to discovery by means of investigation that would occur to an attentive mind. . . . Given these considerations against disturbing the judgment in an action that has

---

[2] One of the witnesses testified he had not been interviewed or prepared for the hearing.

been fairly contested, the circumstances are very limited in which such a judgment may be set aside on the ground of mistake. *Id.*

The requirements concerning due diligence with regard to relief based on mistake are essentially similar to those applicable to relief on the ground of fraud. . . . The requirement that reasonable effort to ascertain the matter in question have been used during the case of action is, in modern procedure, an insuperable barrier to relief except in very unusual cases. . . . Failure to have ascertained matter that could have been uncovered by discovery procedure should preclude relief except when the failure is itself excusable. *Id.* at comment d.

Consistent with these Restatement comments is the holding that relief from errors resulting from mere carelessness will be denied. 7 J. Moore and J. Lucas, *Moore's Federal Practice* Section 60.22[2] at 60-181 (1990); *Western Transp. Co. v. E.I. Du Pont De Nemours and Co.,* 682 F. (2d) 1233 (7th Cir. 1982).

The appellant's failure to interview witnesses prior to the November 1987 hearing and prepare their testimony is carelessness, plain and simple. It is not the type of mistake, inadvertence, or excusable neglect for which Rule 60(b)(1) relief should be available.

The appellant does not assert the witnesses intentionally committed perjury, however, the perjury comparison is enlightening. Assuming both witnesses had falsely sworn and testified, I do not believe their acts would amount to extrinsic fraud for which relief is available under Rule 60(b). *Evans v. Gunter,* 294 S.C. 525, 366 S.E. (2d) 44 (Ct. App. 1988); *Rycroft v. Tanguay,* 279 S.C. 76, 302 S.E. (2d) 327 (1983); *Center v. Center,* 269 S.C. 367, 237 S.E. (2d) 491 (1977). Because relief is not available under Rule 60(b)(1) for intentional deception, why should unintentional "mistakes" or "confusion" be easier to overcome?

Matters of trial testimony being intrinsic in nature, I would hold relief for such mistakes is not available under Rule 60(b)(1).