656 S.E.2d 393

**James A. BELL, Jr., Respondent,**

v.

**Patsy G. KNIGHT, as Treasurer of Dorchester County, Suzanna H. Davis, as Delinquent Tax Collector of Dorchester County, and Adolph Fraser, Defendants,**

**Of Whom Adolph Fraser is the, Appellant.**

No. 4331.

Court of Appeals of South Carolina.

Heard Dec. 11, 2007.

Decided Jan. 10, 2008.

---

1. We decide this case without oral arguments pursuant to Rule 215, SCACR.

Arthur C. McFarland, of Charleston, for Appellant.

James B. Richardson, Jr., of Columbia, for Respondent.

KITTREDGE, J.

This is an appeal from an order setting aside a tax sale concerning a tract of land in Dorchester County, South Carolina. The master found the Dorchester County Delinquent Tax Collector failed to comply with statutory notice requirements for a tax sale by failing to notify the property owner's

children. We reverse and reinstate the tax sale on the basis that the property owner's children had no interest in the property and were not entitled to notice.

## I.

Charles Hart (Husband) and Una Hart (Wife) once owned the property in question as tenants in common. Husband died intestate in 1985, survived by Wife and three children (Children). In 1986, it was agreed that title to the property would vest solely in Wife pursuant to a sale in aid of assets. As a result, the probate court issued an order divesting the Children of any interest in the property, leaving Wife as the sole owner. The 1986 order called for the issuance of a deed to Wife. This deed was not issued until 2005, after the tax sale (which is the subject of this action) had been completed.

Wife paid the property taxes each year. Wife, however, failed to pay the property taxes beginning in 2001. The deed of record in the land records office at the time continued to show Wife and Husband as the property owners. The tax collector provided notice to Wife and Husband of the delinquency at the address of record. The taxes remained unpaid and the tax collector filed suit for a tax sale for delinquent taxes, providing proper notice to Wife and Husband.

Adolph Fraser was the successful bidder at the tax sale. The tax collector issued a deed for the property to Fraser in April 2005, which was promptly recorded. Thereafter, the deed contemplated by the 1986 probate order was issued and recorded in August 2005. Wife then issued a quit claim deed to James Bell in September 2005. Bell brought an action for quiet title against Fraser. Bell claimed the tax sale was invalid due to lack of notice on the Children. The master agreed that the Children retained an interest in the property as a result of Husband's death intestate. The master set aside the tax sale for failure of the tax collector to provide notice to the Children. The master declared Bell's title good. Fraser appeals.

## II.

The disposition of this appeal turns on the effect of the 1986 probate court order divesting the Children of their

interest in the property. Fraser contends the probate court order divested the Children's interest, notwithstanding the failure in 1986 to issue and record the anticipated deed granting Wife title to the property. The question, then, is whether the issuance and recording of a deed was necessary to give effect to the probate court order. We find the probate court order was, by itself, sufficient to bind the Children and extinguish their interest in the property. A probate court order is "binding on all parties in interest who are notified of the proceeding." 80 Am.Jur.2d *Wills* § 907 (2002).

The South Carolina Supreme Court has described the effect of a probate court order on multiple occasions. "It has been decided that the judgment of the probate court as to the necessity of a sale of the realty, and a sale pursuant thereto, is binding upon all parties to the record." *Dyson v. Jones,* 65 S.C. 308, 318, 43 S.E. 667, 671 (1903); *see also Culler v. Crim,* 52 S.C. 574, 579, 30 S.E. 635, 636 (1898) ("The order of the probate court to sell the land in aid of assets was binding upon all who were made parties to that proceeding," and the necessary effect of the order destroys the right of the parties to that proceeding from claiming interests in the land.); 96 C.J.S. *Wills* § 804 (2001) ("With exceptions as to persons not notified and brought in as parties, probate, until duly revoked or set aside, is generally considered as binding on, or conclusive against, all the world, or on all parties, heirs, or interested persons.").

Because the Children were parties to the probate court proceedings in 1986, the 1986 probate court order divested Children of any interest in the property. This is so despite the approximate nineteen year lapse between the order and the issuance of the deed.

■ Accordingly, when the tax collector was required to notify the property owners of the delinquent tax, Wife was the only owner. The tax collector sent proper notice to Wife. The tax collector properly complied with the strict notice requirements of South Carolina law. *See* S.C.Code Ann. § 12–51–40 (Supp.2006) (requiring notice of delinquent property taxes be sent to "the defaulting taxpayer and to a grantee of record"); *Rives v. Bulsa,* 325 S.C. 287, 293, 478 S.E.2d 878, 881 (Ct.App. 1996) ("Failure to give the required notice is a fundamental

defect in the tax proceedings which renders the proceedings absolutely void."). Here, the tax collector complied with section 12–51–40 by notifying Wife, a fact which is undisputed.

Finally, notice was not improper because the tax collector attempted to notify deceased Husband. The tax collector was not required to send notice to Husband, and we will not find notice inadequate because a tax collector *exceeded* the statutory notice requirements. *See S.C. Fed. Sav. Bank v. Atl. Land Title Co.*, 314 S.C. 292, 296, 442 S.E.2d 630, 632 (Ct.App.1994) (holding "that where, as here, notice of a tax sale exceeds the statutory notice requirements, the tax deed may not be set aside on the basis of insufficient notice"). Thus, the tax sale was proper, and Fraser has superior title to the property.

## III.

Fraser is the owner of the real property pursuant to a valid tax sale. The judgment of the master is

**REVERSED.**

HEARN, C.J., and THOMAS, J., concur.