**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lydia V. Hall as Personal Representative for the Estate of Bessie M. Doby; Asten Hall a/k/a Aster Hall; Hubert R. Hall, III; Mary Hall; Dana Hall, Appellants,

v.

Ronnie Fulmer; Bettie Horton Slade; Jill B. Catoe as Kershaw County Treasurer and Tax Collector, Respondents.

Appellate Case No. 2023-001425

———————

Appeal From Kershaw County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-350
Submitted September 1, 2025 – Filed October 15, 2025

———————

**AFFIRMED**

———————

Jennifer Dowd Nichols, of Newberry, for Appellants.

Jonathan M. Robinson, Austin Tyler Reed, and Rachel Elizabeth Lee, all of Smith Robinson Holler DuBose Morgan, LLC, of Columbia, for Respondent Jill B. Catoe as Kershaw County Treasurer and Tax Collector.

Moultrie B. Burns, Jr., of Savage Royall & Sheheen, of Camden, for Respondent Ronnie Fulmer.

William Brantly Cox, Jr., of Savage Royall & Sheheen, of Camden, for Respondent Betty Horton Slade.

---

**PER CURIAM:** Lydia V. Hall (Hall) as personal representative for the estate of Bessie M. Doby; Asten Hall a/k/a Aster Hall; Hubert R. Hall, III; Mary Hall; and Dana Hall (collectively, Appellants) appeal the circuit court's order granting summary judgment to Jill B. Catoe, as Kershaw County Treasurer and Tax Collector (Treasurer); Ronnie Fulmer; and Bettie Horton Slade (collectively, Respondents) and denying Appellants' motion for summary judgment and request to set aside the tax sale of their property. On appeal, Appellants argue the circuit court erred in finding the tax sale was conducted in strict compliance with statutory notice requirements. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in granting summary judgment to Respondents because Treasurer complied with statutory requirements when it mailed notice to Hall, who Treasurer identified as the defaulting taxpayer and owner of the property after a review of the public records. *See Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 109, 662 S.E.2d 40, 41 (2008) ("When reviewing a grant of summary judgment, an appellate court applies the same standard used by the [circuit] court."); Rule 56(c), SCRCP (explaining summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *S.C. Pub. Int. Found. v. Calhoun Cnty. Council*, 432 S.C. 492, 495, 854 S.E.2d 836, 837 (2021) ("When the parties file cross-motions for summary judgment, the issue becomes a question of law for the [c]ourt to decide de novo."); *In re Ryan Inv. Co., Inc.*, 335 S.C. 392, 395, 517 S.E.2d 692, 693 (1999) ("Tax sales must be conducted in strict compliance with statutory requirements."); S.C. Code Ann. § 12-51-40(a)-(b) (2014) (stating notices must be sent to "the defaulting taxpayer and to a grantee of record of the property" and sent to the best address available, which is "either the address shown on the deed conveying the property to him, the property address, or other corrected or forwarding address of which the officer authorized to collect delinquent taxes, penalties, and costs has actual knowledge"); S.C. Code Ann. § 12-51-120 (2014) (stating the tax collector is required to mail a redemption notice to "the defaulting taxpayer and to a grantee, mortgagee, or lessee of the property of record in the appropriate public records of

the county"); S.C. Code Ann. § 12-51-40(f) (2014) (stating "*when the true owner is unknown* because of the death of the owner of record and the absence of probate administration of the decedent's estate, the property must be advertised and sold in the name of the deceased owner of record" (emphasis added)); *Scott v. McAlister*, 436 S.C. 324, 334-37, 871 S.E.2d 620, 626-28 (Ct. App. 2022) (holding that an individual was not entitled to receive notice of a tax sale when she was not a grantee of record and the county "had no way of knowing" she had an interest in the property through its review of public records); *Bell v. Knight*, 376 S.C. 380, 384, 656 S.E.2d 393, 395 (Ct. App. 2008) (finding a tax collector was not required to include a deceased husband in tax sale notices after he died intestate because the probate record was adequate to place county on notice that his wife had the sole remaining interest in the property).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.